HUGO BILZ v. STATE OF NEBRASKA.

FILED DECEMBER 14, 1918. No. 20597.

Intoxicating Liquors: UNLAWFUL POSSESSION: EVIDENCE. Defendant was convicted of violating the prohibitory law and prosecutes error. The evidence, though circumstantial, supports the verdict. The court did not err in overruling the motion for a new trial.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John M. Macfarland,* and *Forrest S. Macfarland,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Orville L. Jones, contra.*

DEAN, J.

Hugo Bilz was convicted under the prohibitory act, namely, chapter 187, Laws 1917, of having "unlawful possession of certain intoxicating liquor." He was fined $100 and costs, and brings the case here on error. He contends that the verdict is not sustained by sufficient evidence.

Section 10 of the act under which defendant was convicted provides: "It shall be unlawful for any * * * restaurant, * * * or any place of public entertainment or resort, or for any of their * * * owners, managers, * * * servants or employees to keep, or to aid and abet in keeping, or to have in his or its possession, in lockers, or in any other manner,

any intoxicating liquor for the purpose of barter, sale, use or gift as a beverage, or for the delivery, division, or distribution of the same in any manner whatsoever.''

Defendant conducted a restaurant and soft drink establishment at the corner of Sixteenth and California streets, Omaha. In the front room there is a bar, lunch counter, dining tables, and the like, and in the rear a kitchen, used exclusively by defendant and his employees in connection with the lunch counter as occasion required. Two bottles of whiskey were found by the officers who made the search under an ice box in the kitchen. The ice box was in the southwest corner of the kitchen and remote from both doors. One of the doors is at the northwest corner of the kitchen. It opens into an areaway that leads to the foot of a hotel stairway. The officers found this door locked, and just inside stood two empty whiskey bottles. Another door is at the northeast corner of the kitchen that leads across a narrow passageway to the front room. Defendant's occupancy of the premises began almost four months before his arrest. In the basement under defendant's premises a varied assortment of empty bottles was found. Among them were whiskey and beer and near-beer bottles. The key to the basement was obtained by the officers from an employee of defendant, who was in the absence of defendant, in charge of the soft drink department and the establishment generally.

George Elbert, the employee from whom the basement key was obtained, testified that the fireman of the building and an employee of a transfer company slept in the basement. It is not shown that they left any bottles there. Aside from these it does not appear that any other persons had access to the basement except defendant and his employees. Mr. Elbert testified: ''Q. You were down in the basement quite often? A. I came down there to see about the beer, and see how much was, sometimes, I didn't go very often, but about sometimes about once in two days.'' One of the

officers testified that some of the bottles that were found in the basement "were pretty clean; they didn't look as though they had been there very long."

Mr. Bilz and his employees denied bringing the liquor to the premises, and denied that they ever saw or heard of the liquor until it was found by the officers. He and three of his employees testified that they frequently found empty bottles of various kinds, such as whisky and alcohol and ginger bottles, in the passageway between the front room and the kitchen and that is equally accessible to both rooms, and that such bottles were apparently left there by strangers and without the knowledge or consent of defendant or his employees. But the record does not show, nor does defendant argue, that strangers at any time left either whiskey or empty bottles of any sort in the kitchen.

Upon a review of the record we conclude that the trial court did not err in overruling defendant's motion for a new trial. *Smith v. State*, 94 S. E. (Ga. App.) 62. Notwithstanding the evidence is circumstantial, it supports the verdict. The case was fairly submitted, and defendant has made no complaint respecting instructions. The judgment is

AFFIRMED.