Shaffer v. State.

CHARLES SHAFFER V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1923.   No. 23423.

Evidence examined, and *held* to support the verdict.

ERROR to the district court for Lincoln county:   J. LEON-
ARD TEWELL, JUDGE.   *Affirmed: Sentenced reduced.*

*Halligan, Beatty & Halligan,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout,*
*contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD,
JJ., REDICK and SHEPHERD, District Judges.

LETTON, J.

Defendant was convicted of a violation of the liquor laws,
being charged, in two counts, with the possession of a still
for the making of intoxicating liquors, and with possession
of mash and other material used in the manufacture of in-
toxicating liquors.

The principal errors assigned are that the evidence is
insufficient to support the verdict, that there was error in
the giving and refusal of certain instructions, and that the
sentence of the court is excessive under the facts in the
case.

Defendant is a young man 22 years of age.   The evidence
establishes that on the night of September 16, 1922, he at-
tended a dance in North Platte with another man named
Miles.   After the dance they took two girls home.   About
3 o'clock in the morning they called for the girls with a
rented car.   They then drove to the house in which the
stills and mash were found, where defendant procured two
pints of whisky.   With the chief of police of the city, the
party went hunting near a town several miles distant, re-
turning to North Platte about 11 a. m.   The whisky was
consumed on this excursion.   On their return they again
drove to the house mentioned.   Defendant and one of the
girls went into the house.   A neighbor who observed this
summoned the sheriff, who found defendant and one of the

Shaffer v. State.

girls in a room with two pint bottles of whisky on the table, and a keg containing whisky, in the same room. In an adjoining room there were two stills with coils, standing upon oil stoves, but not in operation, and about 500 gallons of mash contained in 10 barrels. Defendant told the sheriff that he found the key to the house in the alley outside. Afterwards he told him that he had procured the key from a small boy and said he did not know to whom the stills and mash belonged. Defendant testifies that he procured the key to the house from one Harn, from whom he had before then purchased whisky; that when they were at the house in the early morning Harn came to the door and gave him the whisky, for which he paid him $2; that when they returned from the hunting trip he met him, Harn, upon the street, told him he wanted to get some whisky, and that Harn did not want to go to the house, but gave him the key. He admitted that he made untruthful statements to the sheriff, and gave as a reason that he did not want to tell on Harn. He says he never saw the stills or mash, and never operated them. On cross-examination he said that he had not seen Harn since that time. His companion, Miles, testifies substantially to the same effect, and his description of Harn corresponds with that of Wilken, the owner of the house, who says he rented it to Harn. On cross-examination, however, Wilken testified that he knew nothing about Harn before he rented the house to him and that he had not seen him since. No witnesses, except Wilken, Miles, and defendant, testified to ever having seen or known of any individual by the name and description of Harn in the vicinity of the house or in North Platte. A neighbor, who lives across the street in the next block west, with no house between his home and the Wilken house, testified that he had seen the defendant drive away from this house several days before and saw him twice at the house before his arrest; that he did not know Harn and had never seen him.

It seems evident to us that the jury were not convinced that the defendant was not in possession of the stills and

mash, and that they were skeptical as to the actual existence of Harn. Considering all the facts, there is sufficient evidence to justify the jury in believing either that Harn was a mythical character, or that the defendant was associated with him in the possession of the illegal property. If not the prime mover in the illegal enterprise, he was so associated with the business and with the possession that the verdict was a proper one to be rendered under the facts. When arrested he was in the possession and control of the premises. Under the statute, this placed the burden of proof upon him to satisfactorily explain his possession.

Complaint is made that there was an erroneous statement of law in instruction No. 10; but, if the jury took either view of the facts above suggested, there was no prejudicial error in this instruction. Complaint is made of the refusal to give instructions No. 1 and No. 2, to the effect that the mere fact that the defendant procured a key and went to the premises where the stills and mash were kept would not make him guilty of the crime, unless they further found that the defendant was the owner of or had an interest in, or owned and maintained, or in some manner helped to operate and maintain the stills and mash for the purpose of manufacturing intoxicating liquor. The substance of these instructions was embodied in the charge of the court, and the court did not err in refusing to give them.

The sentence imposed upon defendant was that he be committed to the county jail for 30 days and pay a fine of $1,000 and cost of prosecution, and it was ordered that the defendant stand committed to the county jail until the fine and costs were paid. We are convinced that, under the evidence in this record, the fine is excessive. Apparently this is the first offense of this character of which the young man has been guilty. He has evidently been consorting with loose associates and has not had the regard for the law of the state which every good citizen should possess. We believe that it is the certainty of punishment and not the severity of it which tends to prevent such crimes. This

being a first offense, we think justice should be tempered with mercy. The amount of the fine is reduced to $250. In all other respects the judgment of the district court is affirmed.

AFFIRMED: SENTENCE REDUCED.