STATE, Respondent, v. WYATT, Appellant.

(200 N. W. 1019.)

(File No. 5182.   Opinion filed December 5, 1924.)

**Intoxicating Liquors — Trial — Evidence — Evidence of Defendants' Knowledge Material.**

On trial for having liquor in his possession under Rev. Code 1919, Sec. 10278, evidence of absence of defendant from state immediately preceding seizure of liquor by search warrant and of his lack of knowledge thereof **held** material and rejection of such proof by trial court is error.

Appeal from Circuit Court, Yankton County; Hon. R. B. TRIPP, Judge.

*H. A. Doyle,* of Yankton, for Appellant.

*A. L. Wyman,* Acting State Attorney, of Yankton County, *Byron S. Payne,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

POLLEY, J.  Appellant was tried for violating the provisions of § 10278, Code 1919.  The evidence shows that appellant was keeping a pool hall; that on the 31st day of July, 1921, officers of the law went to his place of business and made a search for intoxicating liquor; that concealed in a room to the rear of the pool room they found a bottle of intoxicating liquor.

At the trial appellant offered to show that he did not place the liquor where it was found and that he had no knowledge that

it was there. He offered to show further that he had been absent from the state for three days next prior to the finding of the liquor; that during his absence his business had been attended to by another party. The court refused to admit any of this proof, and in so doing we think the court erred to defendant's prejudice. If the defendant did not place the liquor where it was found, and did not know it was there, and was not responsible for its being there, then he was not keeping it within the provisions of §.10278, C. 1919. Whether defendant placed the liquor where it was found, or whether he knew it was there, are questions of fact that should have been submitted to the jury. It was immaterial where the defendant had been during the three days prior to the finding of the intoxicating liquor on his premises, except so far as this fact may throw light on the question of his guilty knowledge. In State v. Ryan ('S. D.) 200 N. W. 1018, just decided, we held that similar circumstances were relevant and material to the question of whether the defendant was guilty of having liquor in his possession in a public place.

The judgment and order appealed from are reversed.