## FARMERS STATE BANK et al., Appellants, v. YOUNGERS et al., Respondents.

### (200 N. W. 1019.)

(File No. 5669. Opinion filed December 5, 1924.)

1. **Banks and Banking—Excessive Loans—Double Liability—Double Liability of Officers and Directors of State Bank Making Excessive Loans.**

    In view of history of legislation, held, under Rev. Code 1919, Sec. 8990, there is a double liability of officers and directors of state bank making excessive loan: (a) An immediate liability for the excess; and (b) a secondary liability as an indorser available to a holder of the note to whom it has been negotiated.

2. **Banks and Banking—Director's Liability—One Need Not Be Both Officer and Director to Be Liable for Excessive Loan.**

One need not be both officer and director for application of Rev. Code 1919, Sec. 8990, declaring "every officer and director" of a state bank liable for excessive loan.

Dillon, J., dissenting.

Appeal from Circuit Court, Turner County; HON. L. L. FLEEGER, Judge.

Action by the Farmers' State Bank and another against T. L. Youngers and others. From order sustaining demurrer to complaint, plaintiffs appeal. Reversed.

*Bogue & Bogue,* of Parker, for Appellants.

*Boyce, Warren & Fairbank,* of Sioux Falls, and *A. B. Carlson,* of Canton, for Respondents.

GATES, J. Section 8980, Rev. Code 1919, prohibits the loaning of more than 20 per cent. of the paid-up capital and surplus of a state bank to any corporation, partnership, or individual. The complaint in this case alleges the making of excessive loans to divers persons, and the recovery of such excess is sought from the officers and directors of the bank, in accordance with the liability therefor created by § 8990, Rev. Code 1919. The defendants demurred to the complaint, upon the ground that it did not state a cause of action. The trial court sustained the demurrer. From such order plaintiffs appeal.

Appellants contend that a cause of action is alleged both under sections 8990 and 8957, Rev. Code 1919, but we are clearly of the opinion that no cause of action is stated under said section 8957, and that the pleader in drawing the complaint had in mind only said section 8990. Inasmuch as we hold that a cause of action is alleged under said section 8990, and as the meaning of said section is the real question before us, no detailed analysis of the complaint is necessary, nor is it necessary to discuss what allegations would have been necessary to bring the case within the provisions of said section 8957.

[1] Section 8990, Rev. Code 1919, first became a part of the banking law as section 38, art. 2, c. 222, Laws 1909. It was amended substantially as in its present form by section 42, art. 2, c. 102, Laws 1915. For the purposes of comparison, we present the 1909 law and the present law in parallel columns:

| 1909 Law. | Present Law. |
|---|---|
| "Each and every active officer of any bank shall be held personally liable for all excessive loans made by his bank in amount in excess of the legal limits. He shall also be held personally liable in the same manner as though such paper was endorsed by him to the extent only of the excessive amount. * * *" | "Every officer and director of any bank shall be held personally liable for all excessive loans made by his bank, in such amount as such loan may be in excess of the amount limited by law, and his liability thereon shall be the same as though such paper was endorsed by him, but to the extent only of the excessive amount. * * *" |

It will be seen that, under the 1909 law, only active officers of the bank were liable for the excess, and that there were clearly two liabilities defined: (a) A general liability for the excess; and (b) a liability as indorser. Section 1768, Rev. Code 1919, defines the liability of an indorser as follows:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules:

"1. If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties.

"2. If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"3. If he signs for the accomodation of the payee, he is liable to all parties subsequent to the payee."

After a careful study of the 1909 law, we are of the opinion that the liability (b) was added for the purpose of making such liability available to persons to whom the note might be negotiated, and that the Legislature in no wise intended liability (b) to be a definition of liability (a), nor a modification of it.

But it is contended by respondents that all this is now changed by said section 8990, and that now there is but one liability, viz. the liability of an indorser; and that, inasmuch as there are no allegations in the complaint showing presentment, dishonor, and notice of dishonor of the paper, no liability on the part of respondents is shown. Respondents, in effect, interpret

the clause, "and his liability thereon shall be the same as though such paper was indorsed by him," in said section 8990, as though it read "*but* his liability thereon shall *only* be the same as though such paper was indorsed by him." In the language of Mr. Justice Sutherland, in Michaelson v. United States, 45 S. Ct. 18, 69 L. ed.:

"But to construe it as contended, in practical effect, would be to subvert the plain intent and good sense of the statute. And this is made clear by the history leading up to and acompanying the enactment."

So here the interpretation contended for would denature the statute. And, while upon a first examination of the present statute, disconnected from the previous legislation, that interpretation might be considered plausible, yet, in view of the history of the legislation above set forth, we cannot concur in such interpretatation. The first part of the section clearly creates a liability for the amount of the excess, and, in our opinion, the latter clause above quoted does not define or limit such express liability. We think the Legislature of 1915 and the Code Commission of 1919 intended to continue the double liability created by the law of 1909, viz.: (a) An immedaite liability for the excess upon the making of an excessive loan; and (b) a secondary liability as an indorser availabe to the holder of the note to whom it has been negotiated.

[2]  It is also contended by respondent that, because of the first four words of said sectoin 8990, "every officer and director," no one is liable unelss he be both an officer and director. We might dispose of this contention by reference to the rule that, upon a joint demurrer, the complaint, if good as against one defendant, will be held good as against all. Norberg v. Hagna, 46 S. D. 568, 195 N. W. 438, 29 A. L. L. 84, but, as the contention is clearly devoid of merit, we do not dispose of it on the above ground. We are clearly of the opinion that the liability for the excess attaches to every officer and to every director.

The order appealed from is reversed.

DILLON, J. dissents.