SMITH, Superintendent of Banks, Respondent, v. BREER et al, Defendants (Baker, Appellant). ·

SMITH, Superintendent of Banks, Respondent, v. CARLSON et al, Defendants (Baker, Appellant).

SMITH, Superintendent of Banks, Respondent, v. MORRIS et al, Defendants (Baker, Appellant).

(207 N. W. 661.)

(File Nos. 5716, 5717, 5833.   Opinion filed March 12, 1926.)

1.   **Bank and Banking—Pleading—Demurrer—Excess Loans—Complaint in Suit to Recover of Officers of Insolvent Banks for Making Excess Loans on Notes, Not Alleging That Notes Were Given for Money Loaned to Makers, Held Insufficient (Rev. Code 1919, Secs. 8980, 8990).**

In suit by superintendent of banks under Rev. Code 1919, Sec. 8990, to recover of officers of insolvent banks for making excess loans, as defined in Sec. 8980 on notes, complaints merely alleging that maker of note for value made and delivered her promisory note in writing held not to show that notes were given for money loaned to makers thereon.

2.   **Banks and Banking—Pleading—Demurrer—Complaint in Suit to Recover of Officers of Insolvent Bank for Making Excess Loan on Note Held Insufficient, Where Merely Alleging that Defendant Received Consideration for Note in Certain Sum (Rev. Code 1919, Secs. 8980, 8990).**

In suit by superintendent of banks, under Rev. Code 1919, Sec. 8990, to recover of officers of insolvent bank for making excess loans, as defined in Sec. 8980 on notes, complaint merely ·alleging that one defendant received consideration for note in certain sum held not to show that such note was given for money loaned to· maker thereof.

Appeal from Circuit 'Court, Davison County; HON. FRANK B. SMITH, Judge.

Consolidated actions by Fred R. Smith, as Superintendent of Banks, etc., against Ruth Breer, W. J. Baker, and others, against Chris Carlson, W. J. Baker, and others, and against Stanley E. Morris, W. J. Baker, and others. From orders overruling demurrers, defendant W. J. Baker appeals. Reversed and remanded, with directions.

*H. G. Giddings,* of Mitchell, for Appellant.
*Hitchcock & Sickel,* of Mitchell, for Respondent.

POLLEY, J. The plaintiff in these cases is the superintendent of banks. The defendants McDonald, Morris, Baker, Woodard, and Helgerson are directors and officers of the Western State Bank at Mt. Vernon. Said bank became insolvent, and was taken over by the superintendent of banks, who brought these actions under the provisions of section 8990, Rev. Code 1919, against said defendants as officers and directors of said bank to recover against them for the making of excess loans. The trial court overruled a demurrer to the complaints, and defendant Baker appeals.

[1, 2] It is conceded that, if the notes set out in the complaints were given for money loaned, the cases come within the rule laid down by this court in Farmers' State Bank v. Youngers, 200 N. W. 1019, 47 S. D. 592, and that the plaintiff is entitled to recover. But it is contended by appellant that there is nothing in the complaints to show that such notes were given for money loaned to the makers thereof. The complaints, except in No. 5833, merely allege that on a given ·date the maker of the note, "for value, made, executed, and delivered her promissory note in writing," without stating whether it was given for money advanced or for property sold. This is not sufficient. The liability created by section 8990 is only for the making of excessive loans, as defined by section 8980, Rev. Code 1919. In case No. 5833 the ·complaint contains the allegation that the defendant Morris re-

ceived the consideration for the note in the sum of $7,000, but there is no affirmative allegation of the making of a loan.

The orders appealed from are reversed and the cases remanded, with directions to the trial court to permit the plaintiff to amend his complaints, if he so desires.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.—Reported in 207 N. W. 661. See, Headnote (1) and (2), American Key-Numbered Digest, Banks and banking, Key-No. 55(4), 7. C. J. Sec. 184 (Anno.).