RANCHMAN'S STATE BANK, et al, Appellants, v. LENNING, et al, Respondents.

(220 N. W. 485.)

(File No. 6205. Opinion filed July 27, 1928.)

*Buell, Denu & Philip* and *Schrader & Lewis,* all of Rapid City, for Appellants.

*H. R. Hanley,* of Rapid City, for Respondents.

BROWN, J.   The complaint in this case alleges, in substance, that the Ranchman's State Bank, at Fairburn, in Custer county, became insolvent and was taken over by the superintendent of banks on February 7, 1924, and that its assets were insufficient by at least $43,000 to pay its liabilities.   That John Lenning was a director of the bank from January 11, 1920, to March 3, 1923, and owned $1,000 of the capital stock of the bank at the time of his death on March 16, 1923; that his will was duly probated in Custer county, and statutory notice to creditors to present claims given, and the estate duly administered to completion and distribution, and that on January 22, 1924, a decree of distribution was made by the county court, pursuant to which specific legacies of $2,000 each were paid by the executrix to the defendants Bertha Coordt and Johanna Rutledge, and $1 to Mrs. J. M. Streinbrech, and the residue of the estate of the appraised value of $10,833.50 was allotted to the defendant Lena Lenning, and that the estate was decreed closed and the executrix discharged.

The complaint further alleges that the stockholders' liability for 100 per cent of his stock was paid by the estate, but that a number of excessive loans were made by the bank while John Lenning was a director, and for which it is alleged that he is liable, and that the same became a liability against his estate, and against the distributees of the estate in proportion to the property that each received from the estate.   The aggregate amount in which loans were alleged to have been in excess of the statutory limit during the time that Lenning was a director is $24,421.85, and judgment is demanded against each of the defendants for such sums as the court shall find to be their respective liability under the allegations of the complaint.

To this complaint the defendants demurred on six different grounds, the last being that the complaint does not state facts sufficient to constitute a cause of action.   From an order sustaining the demurrer, plaintiff appeals.

The complaint contains no allegation of any presentation of the claim of the bank against the estate of John Lenning and it is conceded in the brief of appellant that no such claim was filed.

Appellant, however, contends that the claim is one sounding in tort, and therefore was not required to be presented to the executrix, as only claims arising on contract are required to be presented within the statutory period, and are deemed forever barred if not so presented. Revised Code, § 3389.

In support of the contention that the claim is one sounding in tort, appellant cites the case of Corsicanna National Bank v. Johnson, 251 U. S. 68, 40, S. Ct. 82, 64 L. Ed. 141, where in a discussion of the question of the defendant's liability the court says, referring to excessive loans under the National Bank Act 13 Stat. 116):

"The violation is in the nature of a tort and the party injured may sue one or several of the joint participants."

But the liability imposed by the National Bank Act upon directors for excessive loans is only imposed upon directors who *knowingly* participate in the violation of the act. R. S. U. S. § 5239 (12 USCA § 93). Under our state statute the liability is imposed without reference to any knowing or intentional violation of the act. The liability imposed by our statute (section 8990), so far as applicable in this case, reads as follows:

Each and "every officer and director of any bank shall be held personally liable for all excessive loans made by his bank, in such amount as such loan may be in excess of the amount limited by law."

We are of the view that this is an obligation imposed by law and is contractual in nature rather than tortious; that as said by this court in Meade County v. Welch, 34 S. D. 348, 148 N. W. 601, the liability "rests upon an implied contract, sometimes called a quasi contract or constructive contract, but, whatever called, the liability is enforced in actions ex contractu."

We think the demurrer was rightly sustained on the ground that the complaint, failing to allege a presentation of the claim to the executrix, did not state a cause of action, and the order appealed from is therefore affirmed.

POLLEY and SHERWOOD, JJ., concur.

BURCH, P. J., not participating.

CAMPBELL, J., dissents.