STATE, Respondent, v. SALTE, Appellant.

(223 N. W. 733.)

(File No. 6730.   Opinion filed February 21, 1929.)

*Hall & Purdy*, of Brookings, for Appellant.

*Buell F. Jones*, Attorney General, and *Bernard A. Brown*, Assistant Attorney General, for Respondent.

CAMPBELL, J. Defendant was charged with the offense of having intoxicating liquor in his possession in a public place. He was the owner of an automobile which he customarily kept in a

certain public garage. During the day in question, appellant had used the automobile to make a trip to a nearby town in the state of Minnesota, and, returning, drove the car into the public garage where he habitually kept it, and left it there. Within an hour or less, officers searched the car and found a full bottle of intoxicating liquor, wrapped in a newspaper, in the tool compartment of the car under the seat. Defendant testified that he did not put the liquor there, did not know that it was there, and had no knowledge whatever of or concerning it. Thereafter, in rebuttal, the state was permitted, over the objection of defendant, to introduce evidence that on four different occasions, the nearest about two months previous to the date charged in the information in this case, and the most remote about five months previous to such date, defendant had intoxicating liquor in his possession in or about the automobile in question, and drank of it, and gave others to drink of it.

Defendant was convicted, and, from the judgment and order denying his application for new trial, he has appealed, presenting two contentions: First, that the evidence was insufficient to sustain the verdict; and, second, that the court erred in permitting proof of previous unconnected offenses as above set out.

■■■ We believe the evidence is sufficient to sustain the verdict. By section 10278, Rev. Code 1919, it is made unlawful to keep or have intoxicating liquors in a public place, with certain exceptions not here material. Such possession must be a knowing possession. State v. Wyatt, 47 S. D. 576, 200 N. W. 1019. And it must be a conscious and substantial possession, but there need be no actual manucaption of the liquor, and conscious and substantial possession of liquor found upon premises or in a vehicle under the domination and control of the accused may be lawfully inferred from the surrounding circumstances, and the finding of the liquor in a vehicle owned, dominated, and controlled by the accused is sufficient prima facie to establish a conscious and substantial possession. See Reynolds v. State, 92 Fla. 1038, 111 So. 285; State v. Schuck, 51 N. D. 875, 201 N. W. 342; State v. Ryan, 47 S. D. 596, 200 N. W. 1018.

If the jury believed the statements of appellant, he would have a good defense (State v. Wyatt, supra) but apparently they did not do so in this case, and, without reciting the evidence in detail, it is sufficient to say that we believe it was ample to go to the jury.

■■ With reference to the testimony admitted going to show previous offenses, it is, of course, the indubitable general rule that evidence of the commission of other previous unconnected offenses is inadmissible in a criminal case. State v. Fulwider, 28 S. D. 622, 134 N. W. 807; State v. Alfson, 50 S. D. 533, 210 N. W. 721. But one of the recognized exceptions to that general rule is that evidence of commission of previous similar offenses may be introduced for the purpose of establishing guilty knowledge. In the instant case there was no question as to the finding of the liquor in appellant's car. The question was as to the knowledge on the part of the appellant of the presence of the liquor there; it being necessary to establish knowledge to make out the voluntary and knowing possession contemplated by the statute. With reference to this matter of knowledge, we think it was proper to admit testimony tending to show that appellant, upon previous occasions not too remote, had knowingly been in possession of intoxicating liquor in public places in this particular car. It is impossible to lay down a definite or precise rule as to what is or is not too remote in these cases, but, under all the circumstances of the instant case, we are of the view that the time of the previous offenses was not too remote. The learned trial judge properly limited the use of the evidence as to previous offenses by the following instruction to the jury:

"You can consider the evidence tending to show prior offenses of this nature for the purpose only of determining the fact as to whether or not defendant had knowledge of or designed to have intoxicating liquor in his car on November 19, 1927."

As so limited and under the circumstances of this case, we think no error was committed.

The judgment and order appealed from are affirmed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.