LEONA GROSH V. STATE OF NEBRASKA.

FILED MAY 29, 1929. No. 26877.

*James T. Keefe,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and RAPER and REDICK, District Judges.

DEAN, J.

Mrs. Leona Cady, defendant, was informed against and charged in Lincoln county with having had in her possession in North Platte, June 14, 1928, "certain intoxicating liquor, to wit, 319 pints of beer and 101 quarts of beer commonly called home-brew." The complaint also charged that defendant had previously been prosecuted and found guilty in the same county of a like delinquency, namely, the unlawful possession of a quantity of intoxicating liquor, and that in the former action she was subjected to the payment of a fine of $100. Upon trial to a jury in the present case a verdict of guilty was returned and defendant was thereupon

sentenced to imprisonment for 30 days in the county jail. Twice defendant's counsel moved for a directed verdict herein, but both motions were overruled. Defendant appealed.

Very recently before the present action was begun the defendant and George Grosh were married. But the defendant was complained against as Mrs. Leona Cady, that being her name by a former marriage. During the five years preceding this prosecution, the defendant lived with a 14-year old daughter in the North Platte apartment where the liquor was found by the officers. The defendant was then a seamstress. After she married Grosh the family residence was maintained in the same apartment. Grosh was not engaged in any business enterprise in North Platte. In Kearney he had a combined pool-room and cigar store. From defendant's evidence it appears that, at the time the search was made and the liquor was found, her husband was in Kearney, where he had been very recently called because of the illness of a relative. The defendant admitted that she owned the household goods in her home and also the refrigerator which contained some of the beer which was seized by the sheriff, but testified that her husband was the owner of the beer in question here. The defendant's husband testified that the beer was his and was used by him on the premises as a beverage, but he denied that he had made it.

Sheriff Salisbury was accompanied by the North Platte chief of police, Smith, and a federal agent when the defendant's apartment was searched. The sheriff testified that upon arrival there he addressed the defendant as Mrs. Cady and told her the object of their call, and that she made no objection to her premises being searched. Pursuant to the demand of the writ, the sheriff searched the premises and found 319 pints and 101 quarts of beer in the defendant's apartment. Some of the liquor was in a bathtub, some was in a washbowl, some was in a bedroom, some in a refrigerator, and some was in cardboard containers. The sheriff testified that he was acquainted with what is commonly

called home-brew, though sometimes called "hooch," and that the beer found on the defendant's premises was intoxicating. The sheriff testified that the defendant did not inform him that she was married to Grosh, nor did she say to him that the liquor belonged to her husband. The sheriff informed the defendant that she would be notified when to appear in court for unlawful possession of liquor. The sheriff's material evidence was corroborated by the chief of police.

It has been held that the finding of liquor on defendant's premises creates the presumption of unlawful possession. 33 C. J. 744, sec. 479; *Cura v. State,* 110 Neb. 476; *Shaffer v. State,* 111 Neb. 357. "Marriage does not deprive the wife of the legal capacity to commit a crime; and coverture is no defense where a married woman is shown to have willingly participated in the commission of a crime. The wife may be indicted and convicted alone." 30 C. J. 790, sec. 419. "Under our practice in a criminal case tried to a jury, no matter how strong the proof of an affirmative fact presented by the state, and notwithstanding there may be no contradiction thereof, still it is for the jury to say whether or not the fact is established." *Osborne v. State,* 115 Neb. 65.

The court of its own motion submitted eight instructions to the jury, to which no exceptions were taken at the time they were offered, nor at any time thereafter until the motion for new trial was filed. But the instrument in the record purporting to be a motion for a new trial fails to come within the rules of practice. The instrument follows:

"Comes now the defendant and moves the court for a new trial in this case for the following reasons affecting materially her substantial rights: 1. That the verdict is not sustained by sufficient evidence. 2. That the verdict is contrary to law. 3. Error of law occurring in the trial. 4. The court erred in giving the following instructions: Instruction No. 1 which was duly excepted to by defendant. Instruction No. 5 which was duly excepted to by defendant. Instruction No. 6 which was duly excepted to by defendant. Instruction No. 7 which was duly excepted to by defendant."

There was nothing presented to the trial court to show that the verdict is not sustained by sufficient evidence, nor that it was contrary to law, nor that error of law occurred at the trial, nor that the court erred in giving the instructions submitted to which defendant excepted. In *Osborne v. State*, 115 Neb. 65, we held: "If either party desires an instruction which would serve only to guide the jury in weighing certain features of the evidence in connection with the issues, he must request such specific instruction. The proper time to make the request is when the evidence is concluded, and the proper manner of making it is by submitting in writing the instruction desired."

Upon examination of the instructions given by the court, we conclude that, when considered in their entirety, they were not prejudicial to any of the lawful rights of the defendant. We further conclude that the great weight of the evidence amply supports the verdict in every essential particular. The record does not disclose reversible error. The judgment is therefore

AFFIRMED.