SMITH, Superintendent of Banks, Respondent, v. HARRISON, et al, Appellants.

(235 N. W. 123.)

(File No. 6821.   Opinion filed February 19, 1931.)

*Morgan & Eastman,* of Mitchell, for Appellant.
*Danforth & Seacat,* of Mitchell, for Respondent.

POLLEY, P. J.   This is an appeal from an order overruling a demurrer to the complaint.

The defendants Twamley, Flannagan, Heller, Johnson, and Martin were directors of the Citizens' State Bank of Alexandria. Defendant Harrison was the president, and defendant Wood was

the cashier of said bank. Said bank became insolvent, and on or about the 20th day of January, 1924, suspended business, and was taken over by the plaintiff, F. R. Smith, as superintendent of banks, for liquidation. The capital stock of the bank was $25,000.

The complaint purports to state three causes of action, the first of which is predicated upon losses to the bank occasioned by alleged violation of the provisions of section 8957, R. C. 1919. That as a result of such violations the president and cashier were permitted to, and did, purchase a certain note for $6,000, and paid $6,000 of the bank's money therefor, and which note said officers knew at the time they bought it to be absolutely worthless and uncollectible; that the other defendants knowingly permitted the purchase of the said note and negligently failed to make any effort to recover said $6,000, and that because of such negligence the whole sum of $6,000 was lost to the bank and its stockholders and creditors of the bank. If these allegations are true, and the demurrer admits that they are true, plaintiff is entitled to recover on that cause of action.

For his second cause of action plaintiff alleges that defendants permitted the stockholders of said bank to become indebted to said bank in a sum in excess of 50 per cent of the capital stock thereof. That each of the defendants knowingly participated in the making of such excess loans, and that by reason of such loans defendants are indebted to plaintiff in the sum of $9,653.07. These allegations constitute a cause of action against defendants for such amount as the evidence shows to be due because of such excess loans. Sections 8980 and 8990, R. C. 1919; Farmers State Bank v. Youngers, 47 S. D. 592, 200 N. W. 1019; Ranchman's State Bank v. Lenning, 53 S. D. 250, 220 N. W. 485.

The third cause of action set out in the complaint is predicated upon the same note that is the basis of recovery in the first cause of action. This note is disposed of by what we said relative to the first cause of action, and nothing further relative to such note need be said.

The capital stock of the bank being $25,000, the most that could legally be loaned to the stockholders was $12,500. Section 8980. The total indebtedness of the stockholders to the bank was $16,475, or an excess of $3,975, for which, conceding the allegations of the complaint to be true, the defendants are personally liable,

and for which plaintiff is entitled to judgment. ·Sections 8980 and 8990, R. C. 1919.

The order appealed from is affirmed, and the cause is remanded to the trial court for further proceedings.

█ In this case the order appealed from allowed·the defendants 30 days from the date of the order in which to answer, but in taking their appeal defendants furnished no bond for a stay of proceedings; therefore they have been in default since the expiration of 30 days after the entry of the order appealed from, and, in such further proceedings as may be had in the trial court, that court will be governed by what is said by this court in Davison County v. Watertown, etc., Co., 48 S. D. 24, 201 N. W. 1005.

CAMPBELL, BURCH, ROBERTS, and WARREN, JJ., concur.