STATE OF NEBRASKA, APPELLEE, V. RICHARD EBERHARDT,
APPELLANT.

126 N. W. 2d 197

Filed February 7, 1964.   No. 35490.

See
*ante* p. 18, 125 N. W. 2d 1, for original opinion.

Joseph J. Cariotto, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard
L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J., CARTER, and MESSMORE, JJ., dissenting.

We dissent to the overruling of the motion for rehearing in this case.   In the previous dissent filed in this case by Carter, J., attention was called to the fact that there was ample direct evidence, flowing from the admissions of the defendant, to support the jury verdict of guilty.   When the arresting officer asked the defendant about the beer, he responded, "I have just got it," and afterwards asked the officer to give him a break.   However, it is not the purpose of this further dissent to elaborate this position.

It is true that knowledge and consciousness of possession are elements of the crime here charged.   But, this court has many times said that knowledge and intent are hidden in the recesses of the mind and are not in most cases subject to direct proof.   The facts in this respect are not in dispute.   The defendant was rightfully in possession of the car and had it under his control.   Intoxicating liquor was admittedly found in the car.   The question in this case is not the elements of the crime but the sufficiency of the method of proof.

This case becomes vitally important because in the

event of denial of knowledge or possession, how then can the State make a case? We submit that the finding of the liquor in an automobile in the control and possession of a defendant makes a prima facie case for the jury. It is for the jury to determine, under the circumstances and evidence, whether there was knowledge or conscious possession. This is not only the overwhelming weight of authority, but we can find none to the contrary. Bilz v. State, 103 Neb. 15, 170 N. W. 167; Stumpff v. State, 122 Neb. 49, 239 N. W. 212: Grosh v. State, 118 Neb. 517, 225 N. W. 479; Cura v. State, 110 Neb. 476, 194 N. W. 472; Reynolds v. State, 92 Fla. 1038, 111 So. 285; State v. Schuck, 51 N. D. 875, 201 N. W. 342; State v. Salte, 54 S. D. 536, 223 N. W. 733; State v. Wyatt, 47 S. D. 576, 200 N. W. 1019; State v. Harrison, 239 N. C. 659, 80 S. E. 2d 481; Smith v. State, 21 Ga. App. 143, 94 S. E. 62; 33 C. J., Intoxicating Liquors, § 479, p. 744.

In this particular case, these facts, coupled with the direct admissions of the defendant, surely make a prima facie case. Conceding that there is other evidence in this case warranting an inference of innocence, are we to say, as a matter of law, that the evidence here is insufficient to sustain the guilty verdict actually rendered? To do so, in our opinion, is passing on the weight and credibility of the evidence and not its sufficiency.