[Crim. No. 2448.   Fourth Dist., Div. One.   Jan. 11, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK RAMIREZ GUERRERO, Defendant and Appellant.

Frank A. St. Sure for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Frank Ramirez Guerrero appeals from a judgment of conviction entered upon a jury verdict of second degree burglary (Pen. Code, §§ 459, 460). Guerrero admitted eight prior felony convictions.

On August 5, 1965, Mrs. Jessie Spencer Black discovered missing from her San Diego home her credit cards, driver's license, and red coin purse. The next morning in a residential area of Monterey Park, Police Officer Freedland noticed an automobile being driven, with a bent left front bumper, crushed front fender grill and headlight, and dangling pieces of torn metal. Suspecting a recent accident with hit and run overtones, the officer followed the automobile. The driver, Guerrero, constantly looking out the left window at the residences, drove for several blocks at about five miles per hour, pulled into a market parking lot, parked in one stall, looked back at the officer following him, started to leave the lot, and, after the officer signalled, pulled into another parking space. The officer checked Guerrero's driver's license and while Guerrero was in the market, learned by radio of a traffic warrant, involving $83, for Guerrero's arrest. On Guerrero's return, the officer arrested him.

Officer Freedland then noticed a vehicle violation (Veh. Code, § 4454) in that the registration slip was not visible from outside the car; he opened the door to see if it was on the sun visor, and observed in plain sight a galvanized pipe sticking out from under the seat, and several purses under the floor mat which bulged two or three inches above the floor. Mrs. Black's driver's license and wallet insert were there. In the trunk, the officer found items belonging to Mr. and Mrs. George Etzold of Oxnard. Mrs. Etzold testified she saw Guerrero driving slowly by her home on the day it was burglarized.

Guerrero stated he found these items in a cardboard box at Pierpoint in Long Beach.

Contrary to Guerrero's primary contention on appeal, Officer Freedland's search of the automobile and seizure of the stolen articles was not unlawful. Vehicle Code, section 4454, requires vehicle registration slips be plainly and legibly visible from outside the vehicle. The officer sought to locate the registration slip within the car. This was proper. He was not required to ignore the suspicious circumstances created by the plainly visible galvanized pipe protruding from under the seat, and several purses under the uneven front floor mat which was two to three inches above the floor. (*People* v.

*Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Alvarez,* 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721]; *Mardis* v. *Superior Court,* 218 Cal.App.2d 70, 74-75 [32 Cal.Rptr. 263]; *People* v. *West,* 144 Cal.App.2d 214 [300 P.2d 729].)

█ The evidence is sufficient to support the conviction. Although possession of stolen property is not of itself sufficient to sustain a conviction of burglary, only slight corroborating evidence in addition is required. (*People* v. *Byrd,* 228 Cal.App.2d 646 [39 Cal.Rptr. 644]; *People* v. *Jenkins,* 223 Cal.App.2d 537 [35 Cal.Rptr. 776]; *People* v. *Citrino,* 46 Cal.2d 284 [294 P.2d 32].) Corroborating the burglary is Mrs. Etzold's testimony of an earlier similar offense, the galvanized pipe in Guerrero's automobile, his suspicious conduct shortly before arrest, and his incredible testimony accounting for his possession of the stolen items.

█ In two instances at trial, whispered discussions by court and counsel at the bench were not reported. Guerrero now contends he was denied his right to appear and defend, in person and with counsel, as guaranteed by article I, section 13 of the California Constitution. This claim is unmeritorious. A represented defendant in a criminal action is not entitled to approach the bench when counsel and court confer. Guerrero personally appeared in court and was represented at trial by counsel. (See *People* v. *Mitman,* 184 Cal.App.2d 685 [7 Cal.Rptr. 712]; *People* v. *Aguirre,* 181 Cal.App.2d 577 [5 Cal.Rptr. 477].) Further, no objections were voiced to the whispered or unreported bench discussions; defendant's objection now is untimely.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied January 27, 1967, and appellant's petition for a hearing by the Supreme Court was denied March 8, 1967.