STATE OF NEBRASKA, APPELLEE, v. DENNIS RYS, APPELLANT.

183 N. W. 2d 253

Filed January 29, 1971. No. 37587.

O'Hanlon & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant, stopped for a violation of the motor vehicle laws, was subsequently charged with being a minor in possession of alcoholic liquor and convicted. He contends the evidence against him was obtained as the result of an unlawful search and seizure and is insufficient to sustain his conviction. We affirm the judgment of the district court.

At approximately 3 a.m. on June 15, 1969, defendant, accompanied by six other young men, was driving through the village of Fort Calhoun on U. S. Highway No. 73. The village marshal observed that the automobile operated by defendant was without number plates and stopped it. Defendant immediately approached the marshal and offered for his inspection a title to the automobile. On request he also displayed his driver's license. The marshal, desiring verification of ownership, ordered the passengers out of the automobile and proceeded to look for a registration certificate, in-transit plates, or other indicia of ownership. On opening a front door and shining his flashlight in the automobile, he observed a bottle of whiskey lying in plain sight on the right-hand side of the floor in the front seat area. No other indicia of ownership was found. Defendant and five of his six passengers were minors. No arrest was made until after discovery of the liquor and then only in connection with its possession. There was no odor of liquor in the automobile or about its inmates. No search warrant had been obtained.

The automobile, being without license or number plates, was apparently being operated in violation of law and the officer was acting properly and within due bounds when he stopped it. This would also be true of his search for a registration certificate or other verification of the title presented. The officer's concern, and justification for his inspection of the inside of the automobile, necessarily relates solely to the possible violation of the motor vehicle laws. Probable cause to believe

some other violation was occurring did not exist until discovery of the liquor, and no arrest having been made, a search cannot be justified as attendant upon arrest.

There are numerous cases holding that when materials in an automobile which are indicative of a criminal offense are in plain sight of an officer looking into the automobile from the outside, a search is justified and legal. See, State v. Mallory (Mo.), 336 S. W. 2d 383, Cert. Den. 364 U. S. 852, 81 S. Ct. 99, 5 L. Ed. 2d 75, Reh. Den. 364 U. S. 925, 81 S. Ct. 287, 5 L. Ed. 2d 264; Goodwin v. United States (D. C. Cir., 1965), 347 F. 2d 793, Cert. Den. 382 U. S. 920, 86 S. Ct. 298, 15 L. Ed. 2d 234.

The distinction between the present case and those above-mentioned is that although the liquor was in plain sight and could have been seen had the officer shone his flashlight in through the window, he did not actually see it until after he had opened the automobile door and was technically engaged in a search of the automobile for another purpose. It is generally held that when a motorist is stopped or arrested for a violation of the traffic or motor vehicle laws, an exploratory search of the vehicle for the purpose of obtaining evidence of other offenses is unwarranted. See, United States v. Tate (3d Cir., 1962), 209 F. Supp. 762; People v. Lee, 371 Mich. 563, 124 N. W. 2d 736. On the other hand, a search of such an automobile made in connection with the violation for which it is stopped is ordinarily held to be a lawful search although it results in a discovery of evidence of some other offense.

In People v. Galceran, 178 Cal. App. 2d 312, 2 Cal. Rptr. 901, an automobile was stopped because it had no front license plate and inquiry disclosed it was registered to someone not present. A search of the automobile made to uncover documents or other evidence of ownership was upheld notwithstanding it disclosed evidence of another offense.

In People v. Guerrero, 247 Cal. App. 2d 687, 56 Cal.

Rptr. 7, Cert. Den. 390 U. S. 959, an officer stopped the defendant and checked his driver's license. The officer then learned by radio of an outstanding traffic warrant against defendant, arrested him, and noted that the registration slip was not visible as required by California law. He opened the door to look for it and on observing stolen property in the car, he searched it. The court stated: "The officer sought to locate the registration slip within the car. This was proper. He was not required to ignore the suspicious circumstances created by the plainly visible galvanized pipe protruding from under the seat, and several purses under the uneven front floor mat which was two to three inches above the floor."

In State v. Brooks, 57 Wash. 2d 422, 357 P. 2d 735, the defendant had illegally parked the automobile in which he was sitting. An officer opened a door to talk to him and while checking the registration certificate, noticed some stolen goods in the automobile. The court stated: "In the instant case, one of the officers opened the automobile door in order to question the appellant regarding the ownership of the automobile. This was not a part of an illegal search. On the contrary, it was a reasonable course for a police officer to take in handling a case of an illegally parked car when someone was sitting in it. Once lawfully in that position, the officer could observe what was there to be seen. As we stated in State v. Llewellyn, supra (119 Wash. 306, 205 P. 394): '* * * Once in the place, the officers were justified in taking cognizance of the fact that a crime was being committed by the defendant. The evidence thereof was before their very eyes; it took no search to find it. * * *.'

"The officer saw paper bags with clothing consisting of uncuffed pants protruding from them while he was in the process of questioning the appellant concerning ownership of the automobile. As we have above decided, upon this observation, a lawful arrest could have been made. Therefore, the search into the paper bags and

seizure of the contents prior to the arrest of the appellant was lawful, and the trial court properly denied the motion to suppress this evidence."

In the case of United States v. Owens (7th Cir., 1965), 346 F. 2d 329, Cert. Den. 382 U. S. 878, 86 S. Ct. 163, 15 L. Ed. 2d 119, Howell was driving a new Cadillac automobile accompanied by Owens and Hightower. Howell was arrested for speeding and the arresting officer, finding the automobile to be registered to someone not present, suspected it had been stolen. He had Owens open the trunk and then examined the contents of the trunk and of a suitcase therein. Evidence of the use of narcotics was found. In upholding the search and seizure, the court stated: "It is clear from the facts in the record that the arrest for speeding was not 'a mere excuse to search' for narcotics as in Taglavore v. United States, 291 F. 2d 262, 265 (9th Cir. 1961), and that the arrest was valid under Pennsylvania law, which controls that question. * * * The surrounding circumstances justified the arresting officer in suspecting that he was dealing with a situation more serious than routine speeding and he had reasonable grounds for believing that the car might be stolen. There is nothing to indicate that the officer suspected the presence of any narcotics or other violation until the suitcase was opened, disclosing the needle. Considering the situation which faced the officer, his attempts to determine whether the car was stolen were not unreasonable or violative of the Fourth Amendment, and the evidence which was turned up was not the fruit of any 'poisonous tree.' "

It appears that the foregoing decisions present situations quite similar to the case before us. The officer stopped defendant's automobile at an early morning hour, not for the purpose of making an exploratory search, but because of what appeared to be an obvious infraction of the law, namely, operating an unregistered motor vehicle. Before the officer could get out of his automobile, defendant leaped out of his own auto-

mobile, walked back to the officer, and presented a certificate of title. The certificate is not in evidence and it cannot be determined whether or not defendant was actually guilty of violating the motor vehicle laws. The circumstances were sufficiently unusual to reasonably raise questions in the mind of the officer and he desired corroboration of the title presented. No in-transit tags were visible but the officer thought it appropriate to check inside the automobile for in-transit tags, a registration certificate, or other evidence of ownership. For this purpose, and not for the purpose of making a general exploratory search for evidence of other offenses, the door was opened. Evidence of the offense with which defendant is charged was then observed in plain sight. Under the circumstances we do not believe the officer acted unreasonably or was guilty of an unreasonable search and seizure. He had already examined the driver's license of defendant, ascertained that defendant was a minor, and he was not required to ignore the evidence before him.

Defendant has offered no explanation of the presence of the bottle of whiskey in his automobile. The evidence simply indicates the presence of the bottle on the floor of the front seat area in plain sight of the defendant while he was driving. Defendant was the operator and claimed rightful custody or possession of the automobile. Under such circumstances, the question of conscious possession of the liquor is one to be determined by the trier of fact. Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence. See, Grosh v. State, 118 Neb. 517, 225 N. W. 479; Bilz v. State, 103 Neb. 15, 170 N. W. 167; State v. Schuck, 51 N. D. 875, 201 N. W. 342; State v. Salte, 54 S. D. 536, 223 N. W. 733; People v. Magdaleno, 158 Cal. App. 2d 48, 322 P. 2d 89; Horne v.

State, 93 Ga. App. 345, 91 S. E. 2d 824; State v. Nelson (Mo. App., 1929), 21 S. W. 2d 190.

The judgment of the district court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

While there are problems with the search and seizure issues here, the problems in the area of proof of possession of liquor by a minor are more glaring.

Critical additional facts need to be set out. The automobile which the defendant was presumptively driving was not owned by him, nor was there any evidence as to the circumstances under which he was driving it. The evidence shows that "Donald R. Rys was the notarized owner of the vehicle." There is no evidence of the relationship of Donald R. Rys to the defendant, Dennis Rys. The six other occupants of the vehicle were never identified in the evidence either by name or description, nor were their positions in the automobile shown. "Five of the other parties in the vehicle were found to be less than 20 years old. One party was 21 years old or older." The bottle of whiskey on the right-hand side of the floor in the front seat was "partially covered with a jacket or coat." The village marshal went around to the right side of the vehicle after the passengers were all out of the car "and opened this door and pulled the jacket away from the bottle to be certain it was a whiskey bottle * * *."

The majority opinion makes the statement that the bottle was "in plain sight of the defendant while he was driving." There is no evidence to support that statement. It was at night. The village marshal used a flashlight to see the bottle. There were seven people in the car.

The marshal at no time smelled alcohol on any person in the car, nor in the car itself, nor in the soft drink bottles which were also in the car. There is simply no evidence of knowledge or consciousness of possession by defendant except whatever inference might arise

from the fact that he was apparently driving the vehicle at the time it was stopped. There is no evidence that the owner of the car was not a passenger in the car. There is not even any evidence that the owner was not the individual over 21 years old.

Under these factual circumstances, the majority opinion holds: "Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence." None of our cases have ever gone that far and the cases cited in support of the proposition do not support it. Most of the cases cited by the majority opinion involve premises, not vehicles. In the three cited cases which involve vehicles, the crucial words are "ownership, domination, and control."

State v. Salte, 54 S. D. 536, 223 N. W. 733, comes closest to supporting the majority opinion. It states: "The finding of the liquor in a vehicle owned, dominated, and controlled by the accused is sufficient prima facie to establish a conscious and substantial possession."

In State v. Nelson (Mo. App.), 21 S. W. 2d 190, the court stated: "The car belonged to another who was present and in control thereof, and the presumption would prevail that possession of the liquor went with ownership and possession of the car."

In Horne v. State, 93 Ga. App. 345, 91 S. E. 2d 824, the last of the vehicle trio cited, and the only vehicle case of recent vintage, the court said: "Presumptively the whiskey found in the automobile belonged to the owner of the automobile who was driving the car."

If the majority opinion here be correct, a minor may be convicted of unlawful possession of liquor by the mere fact that he was driving an automobile, which he did not own, in which liquor was found, without any additional proof of conscious and substantial possession. This would

be so whether or not the owner of the automobile was present in the car and whether or not there were other minor passengers also. While the court may wish to overrule State v. Eberhardt, 176 Neb. 18, 125 N. W. 2d 1, by ignoring it, this is not the case in which to do it. In fact, the rule that knowledge and consciousness of possession of alcoholic liquor are essential elements of proof was reaffirmed in State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753. In any event, this court has not yet disagreed with the rule quoted in Eberhardt, from Reyes v. State, 151 Neb. 636, 38 N. W. 2d 539: "Where circumstantial evidence is relied upon, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt in such a way as to exclude any other reasonable conclusion."

The evidence here was clearly insufficient and the conviction should be reversed.

BOSLAUGH, J., joins in this dissent.