**STATE of South Dakota, Plaintiff and Respondent,**

v.

**James B. JAHNZ, Defendant and Appellant.**

**No. 12189.**

Supreme Court of South Dakota.

Argued Nov. 29, 1977.

Decided Jan. 16, 1978.

Rehearing Denied Feb. 22, 1978.

---

DUNN, Chief Justice.

The defendant was convicted of possession of a controlled substance with intent to distribute by a jury from the Second Judicial Circuit. He alleges error based upon: (1) the failure of the prosecutor to endorse the names of two informants as res gestae witnesses on the information, (2) the failure of the state to prove beyond a reasonable doubt that the marijuana was in the defendant's possession, that he knew it was marijuana, and that he had an intent to distribute, and (3) the insufficiency of the evidence to sustain a conviction. We affirm the judgment of the trial court.

On the night of October 19, 1975, Sioux Falls police were told by two informants that a 1968 Mustang with Minnesota license plates was parked in a certain area of Sioux Falls and was filled with marijuana. The police went to the area, located the car and staked it out overnight. As the police watched, a green car drove up to the Mustang and three people got out. Shortly thereafter, a third car, a Volkswagon, arrived, and one man got out. One of the people in the group of three opened the trunk of the Mustang and took out a brown paper bag. The bag was transferred to the man driving the Volkswagon, and he left. The group of three went into a nearby house.

A search warrant was obtained and served on October 20, 1975. The police went to the house that the three had entered and encountered the defendant, his brother and two others. The defendant acknowledged ownership of the Mustang and opened the trunk with keys that he had in his pocket. Inside 133.2 pounds of marijuana was found packaged in brown paper bags.

At trial, the names of the two informants were revealed, but not endorsed on the information. One of them was serving time in the South Dakota State Penitentiary and the other was serving time in the federal penitentiary at Leavenworth, Kansas, at the time of trial. Neither was called as a

John P. Guhin, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Dennis C. McFarland, Sioux Falls, for defendant and appellant.

witness, and the state admits that neither was interviewed about this case subsequent to the giving of the information which led to the stakeout of the car.

The plaintiff first contends that the failure of the prosecutor to endorse the names of the informants as res gestae witnesses on the information was reversible error. He relies on SDCL 23–20–4 and the right of a defendant to confront his accusers. This court is urged by the defendant to adopt the Michigan rule set out in *People v. Harrison*, 1973, 44 Mich.App. 578, 205 N.W.2d 900, which requires all res gestae witnesses to be endorsed on the information, whether the state intends to call them or not.

■ We need not decide this issue, since we find that, even if there was error in failing to endorse the witnesses' names, it was harmless and waived by the defendant. Six months before trial, one of the defendant's attorneys indicated to the judge a belief that one of the informants was Danvers Jansen, who was in fact one of the informants. No effort was made by the defendant to interview Jansen, although he was located in the State Penitentiary in Sioux Falls. When the names were revealed at trial, no request for a continuance was made nor was any effort made to contact Jansen, who was still incarcerated a short distance from the courtroom. In light of this, we conclude that, even if error did occur, it was harmless error and has been waived by the defendant.

The defendant contends that the state failed to meet its burden of proof as to defendant's knowledgeable possession, his knowledge that the substance was marijuana, and that he had an intent to distribute.

■ The evidence shows that 133.2 pounds of marijuana was found in the trunk of defendant's automobile; that it was packaged in brown paper bags of a size convenient for resale to "pushers;" and that the police actually observed the transferral of one of these bags to a man during their stakeout of the automobile. When liquor, narcotics or contraband materials are found on a defendant's premises or in

an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation. *State v. Rys*, 1971, 186 Neb. 341, 183 N.W.2d 253; *State v. Salte*, 1929, 54 S.D. 536, 223 N.W. 733.

■ Further, possession alone suffices to permit the inference that the possessor knows what he possesses, especially, if it is in his hands, on his person, in his vehicle or on his premises. *People v. Reisman*, 1971, 29 N.Y.2d 278, 327 N.Y.S.2d 342, 277 N.E.2d 396; *State v. Lehmann*, 1971, 6 Or.App. 600, 488 P.2d 1383.

The question of intent to distribute was likewise a question for the jury. The defendant relies on *Sharp v. Commonwealth*, 1972, 213 Va. 269, 192 S.E.2d 217, to support his argument that quantity alone is insufficient to prove an intent to distribute. Here, however, in addition to quantity, there was the evidence of packaging for resale and the actual observation by the officers of a transfer of one of the bags to a man while they were staking out the automobile.

■ We conclude that the quantity of marijuana found in the automobile, the fact that it was packaged for resale, and that an actual transfer of one bag was made within the sight of the officers was sufficient to allow the jury to find that defendant had knowledgeable possession, that he knew the substance was marijuana, and that he had an intent to distribute the same. *United States v. Johnson*, 1972, 5 Cir., 469 F.2d 973; *People v. Grant*, 1969, 1 Cal.App.3d 563, 81 Cal.Rptr. 812.

■ The final point raised is that the evidence was primarily circumstantial and, as a result, was insufficient to sustain a guilty verdict. This court has held that circumstantial and direct evidence are of equal weight, and it is permissible to prove all the elements of a crime by circumstantial evidence. *State v. Shank*, 1975, S.D., 226 N.W.2d 384. The jury was given the standard circumstantial evidence instruction which reads in part:

"Where the case of the State rests substantially or entirely on circumstantial evidence, you are not permitted to find the defendant guilty of the crime charged against him unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt."

Although the alternative theories argued by the defendant are not clearly set out, our reading of the record indicates that he claims he may have been "set up" or that someone else was using his car. The presence of well over one hundred pounds of marijuana renders the "set up" theory absurd, since one pound would have sufficed for that purpose. There is no evidence that anyone else was using the car, and the defendant admitted ownership, was in possession of the keys and was found in the house into which the group of three people had gone. The evidence was sufficient to sustain a guilty verdict.

Affirmed.

All the Justices concur.