FRED SKILES V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1909. No. 16,253.

1. **Intoxicating Liquors: SALES.** A vendor of intoxicating liquors at McCook, Nebraska, shipped one gallon of whiskey consigned to himself at Holdrege in this state. The bill of lading was made to F. A. Reed and sent to a bank at Holdrege with a draft for $4.25 attached. Frank A. Freed was the party for whom the whiskey was intended, but he declined to pay the draft and take up the bill of lading. Plaintiff in error procured the delivery of the bill of lading to himself on Freed's order, which was signed F. A. Reed. He also paid the storage charges and received the whiskey from the railroad company through which the shipment had been made. Under an agreement previously made, he divided the whiskey into four equal parts, receiving from each of three other persons one-fourth of the money paid, and delivered to each the proportion paid for, to wit, one quart. He had procured no license to sell intoxicating liquors. *Held,* That his act constituted a sale of the whiskey.

2. **Criminal Law: INSTRUCTIONS.** An instruction to a trial jury, fully covering the facts proved and admitted, that such facts, if proved beyond a reasonable doubt, would constitute the offense charged and would justify a verdict of guilty, *held* not erroneous.

29

3. ———: ———. "The failure of the trial court to number consecu-
tively the instructions is not reversible error if no exception was
specifically taken on that point at the time the charge was given
to the jury." *Kastner v. State*, 58 Neb. 767.

4. ———: ACCESSORIES. "In misdemeanors there are no accessories.
Those whose conduct is such that it would constitute them ac-
cessories before the fact, if the principal offense were a felony,
are, if it be a misdemeanor, guilty as principals." *Wagner v.
State*, 43 Neb. 1.

ERROR to the district court for Phelps county: HARRY
S. DUNGAN, JUDGE. *Affirmed.*

*S. A. Dravo* and *James I. Rhea,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George
W. Ayres, contra.*

REESE, C. J.

Plaintiff in error was indicted by the grand jury of
Phelps county at the June, 1909, term of the district court
for the crime of selling intoxicating liquors in violation of
law and without first having procured a license therefor.
The record discloses that a plea in abatement was filed
by him, alleging that before the return of the indictment
an information had been filed charging him with the
same offense. At the hearing it was disclosed that the
information had been dismissed prior to the filing of the
plea in abatement, and therefore there was no real ques-
tion presented by the plea. However, had that not been
the case, the provision of section 435 of the criminal code
doubtless covers the point sought to be made by plaintiff
in error, and the plea would have been unavailing.

A trial upon the indictment resulted in a verdict of
guilty, and plaintiff in error was fined in the sum of $200,
and ordered committed until the fine and costs were paid.
After the verdict, and prior to the judgment, a motion for
a new trial was filed, in which a number of questions
were raised, and which will be noticed only so far as

presented by the briefs and arguments; there appearing to be no merit in those not referred to. It is claimed that the evidence was insufficient to sustain the verdict. The undisputed evidence shows the following facts: Frank A. Freed was approached by a person claiming to represent a saloon or liquor dealing establishment at McCook, with the proposition that a quantity of whiskey should be shipped to him from McCook upon his order. Freed refused to make the order, saying that he did not want the whiskey. The quantity proposed for shipment was one gallon. The party claiming to be the agent of the McCook house informed Freed that he would send the whiskey, and, if he (Freed) did not want it, some one else would. It appears that Freed never consented to the purchase. However, the whiskey was shipped by the McCook house to itself at Holdrege, the bill of lading being made in the name of F. A. Reed, and sent to a bank in Holdrege, in this state, with a draft for $4.25 attached. Freed paid little, if any, attention to the receipt by the agent at Holdrege of the consignment, and the liquor was permitted to remain for some time in the railroad office. Plaintiff in error, upon learning that the whiskey was in the railroad office, procured from Freed an order on the bank for the bill of lading and also an order on the railroad company for the liquor. He collected from each of three persons, substantially, one-fourth of the amount of money necessary to procure the surrender of the bill of lading and redeem the whiskey from the railroad company; a charge for storage having accumulated during its remainder in the office of the railroad company. He procured the whiskey, took it to a business house in Holdrege, and divided it between himself and those contributing their money, and delivered the liquor. It is claimed that this fact does not constitute an offense under the laws of this state. We cannot agree to this conclusion. It may be suggested that all persons in any way participating in the transaction under consideration, including the McCook house which shipped the liquor to

Holdrege consigned to itself, were guilty of a violation of the law to the same extent as plaintiff in error. This question is not now before us and we express no opinion thereon. It is perhaps immaterial as to whether the title to the whiskey ever vested in Freed. He had not ordered it and declined to accept it. The consignment was made to the vendors. Freed gave the orders above referred to, signing the name of F. A. Reed. If the title did not vest in him, it passed immediately from the McCook dealers to plaintiff in error, as he paid the purchase price, received the delivery, obtained the money from those who each agreed to purchase one-fourth of the liquor, and delivered the same to them. This, under the provisions of our statute, as well as the general principles of law, would be considered a sale.

The court in instructing the jury appears to have given two instructions numbered 4. This probably was an inadvertence and a clerical error on the part of the court and to some extent, at least, in violation of section 55, ch. 19, Comp. St. 1909. We find no record of any objections upon this ground at the time of the giving of the instruction and the attention of the court was probably not called to the error. Under the rule laid down in *Kastner v. State,* 58 Neb. 767, the error can avail nothing if no exception was specifically taken on that point at the time the charge was given to the jury.

The charge in the indictment was that plaintiff in error had sold one quart of the intoxicating liquor to J. A. Anderson. The court gave the jury instruction numbered 6, which is as follows: "The court instructs you, gentlemen of the jury, that if from all the evidence in this case you believe, beyond a reasonable doubt, that certain whiskey was shipped to one F. A. Freed, under the name of F. A. Reed, and a bill of lading was forwarded with draft attached, and you also believe from the evidence that the said F. A. Freed refused to take said whiskey, and that he told the defendant that he might have it, and that he gave him an order for it, and

you further believe from all the evidence that J. A. Anderson paid the defendant money with which to pay for said whiskey, and that such payment was made with the understanding between Anderson and the defendant that said Anderson was to have said whiskey or a part thereof, and you also believe from all the evidence that with said money the defendant paid for the said whiskey or a part thereof, and that he secured said whiskey from the railroad company and delivered the same or a part thereof to J. A. Anderson, then the court instructs you that such transactions would constitute a sale of said whiskey by the defendant to Anderson, and if you should so find, and that beyond a reasonable doubt, you shall return a verdict of guilty." Plaintiff in error excepted. The instruction covers substantially the facts of the case, and we are unable to see that plaintiff in error was prejudiced by any part thereof.

The second instruction numbered 4 is complained of in connection with the one numbered 6, and was excepted to in the following language: "To the giving of this instruction No. 4 the defendant excepts, this being the second No. 4 given by the court." There is nothing to show that this exception was taken before the reading of the instruction to the jury. As above suggested, had the attention of the court been called to the error before the instruction was given, it would doubtless have been corrected. Assuming that the exception would reach the body of the instruction, we must still hold that there was no error.

If plaintiff in error can be held to have purchased the whiskey from the vendors, the house at McCook, and sold it to Anderson, he was guilty of a violation of the statute in making the sale. If such were not the case, and he simply acted as a go-between in the transfer of the whiskey, he would still be guilty as an aider and abettor in the violation of the law; but, as was held in *Wagner v. State,* 43 Neb. 1, there are no accessories in misdemeanors. "Those whose conduct is such that it

would constitute them accessories before the fact, if the principal offense were a felony, are, if it be a misdemeanor, guilty as principals."

No reversible error being found in the case, the judgment of the district court is

AFFIRMED.