STATE OF NEBRASKA V. SAM GIRT ET AL.

FILED JULY 20, 1927. No. 25916.

1. Criminal Law: ACCESSORIES. "Section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923, which provides that an aider, abettor, or procurer. whether present or not, shall be subject to the same prosecution and punishment as his principal, construed to mean: That the same rule as to the information, conduct of the case, and punishment, heretofore applicable to a principal, should thereafter govern his aider. abettor, or procurer, and that no additional facts need be alleged in an information against such accessory before the fact, than are required against his principal." *Scharman v. State, ante*, p. 109.

2. Indictment and Information: ACCESSORIES. "The abrogation of the distinction between principal and accessory as contained in section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923. does not contravene section 11, art. 1 of our Constitution, affording the defendant in a criminal case 'the right * * * to demand the nature and cause of accusation.'" *Scharman v. State ante*, p. 109.

3. ————: CONSTRUCTION. An information which in ordinary terms directly charges four persons jointly with setting fire to and burning, as part of one transaction, insured real property of the value of $50, and insured personal property of the value of $50, belonging to one only of such accused persons, with intent to prejudice the insurer, states but one offense, under section 9591, Comp. St. 1922. and section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923.

ERROR to the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Exceptions sustained.*

Henry J. Beall, Irvin Stalmaster and J. W. Yeager, for plaintiff in error.

*David A. Fitch, contra.*

Heard before Goss, C. J., Good, Thompson and Eber-
ly, JJ., Eldred and L. S. Hastings, District Judges.

Eldred, District Judge.

This is a proceeding by the state, under section 10192,
Comp. St. 1922, on exceptions taken by the county attorney,
to secure a review of the ruling of the district court for
Douglas county, sustaining motions to quash an informa-
tion filed in said court, which, excluding formal portions,
in substance, charges:   That on or about the 24th day of
June, 1926, in Douglas county, Nebraska, the said Sam
Girt, being then and there the owner of certain goods and
chattels of the value of more than $50, to wit, $300; and also
of a certain dwelling-house of the value of more than $50,
to wit, $800; the location of each being specifically given;
that the personal property was insured against loss by
fire, in the Twin City Fire Insurance Company, in the sum
of $600, and said dwelling-house was insured against loss
by fire in the company named, in the sum of $1,400; and
that said Sam Girt, Carl Sebastian, Walter Headley, and
Clarence Headley, in said city, county, and state, did wil-
fully, maliciously and feloniously set fire to and did burn
said goods and chattels and said dwelling-house, with the
intent of said Sam Girt, Carl Sebastian, Walter Headley,
and Clarence Headley to burn and destroy the same, and
with the intent of said Sam Girt, Carl Sebastian, Walter
Headley, and Clarence Headley to prejudice the said Twin
City Fire Insurance Company, the insurer thereof.

The defendant Sam Girt and Carl Sebastian filed sepa-
rate motions to quash the information, "for the reason that
said information is in one count and charges said defend-
ants named with separate and distinct offenses."   The mo-
tions were severally sustained by the trial court and the in-
formation quashed as to said defendants.

The information appears to have been filed under sec-
tion 9591, Comp. St. 1922, and section 9541, Comp St. 1922,
as amended by chapter 89, Laws 1923.

Section 9589, Comp.. St. 1922, makes it a felony for one to wilfully and maliciously burn or cause to be burned the property of any other person, of the value of $50; while section 9591, Comp. St. 1922, makes it a felony for the owner to burn or cause to be burned his own property which he shall have insured against loss or damage by fire, with intent to prejudice the insurer.

It is the contention of the defendants that the information charges an offense against the defendant Sam Girt, the owner of the property, under section 9591, Comp. St. 1922, which is one offense, but as to all other defendants, if any offense was charged, it was under section 9589, Comp. St. 1922, which is another offense. Prior to 1923, such motions may have been properly sustained; but, section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923, provides:

"Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

Defendants cite a number of cases from this court in support of their position, but they were all rendered prior to the amendment of section 9541 in 1923, and are therefore not conclusive. Since the amendment, above referred to, the sufficiency of an information filed against one prosecuted as an aider or abettor of a felony has been several times before the court.

In *Northey v. State,* 114 Neb. 543, an information jointly charged plaintiff in error, Northey, and one Bruner with murder by administering poison; it being the theory of the state that Bruner administered the poison, and that Northey aided, abetted, and counseled the commission of the offense, although the information directly charged Northey. with the commission thereof. The information against Northey was held sufficient by reason of chapter 89, Laws 1923.

In *Scharman v. State,. ante,* p. 109, the defendant was charged directly with stealing cattle, with the further allegation in the information that the theft was committed

by defendant by reason of his having procured others to perpetrate the act. The sufficiency of the information was raised, and the same defect urged as in the instant case. In the opinion it is there said:

"We conclude that * * * it was the intention of the legislature by such enactment to abrogate all distinctions heretofore existing between such aider, abettor, or procurer and the one committing the act, and to provide that each should be prosecuted and punished as principals; that is, the words 'prosecuted and punished,' as used in such section, mean that the same rule as to the information, conduct of the case, as well as the punishment heretofore applicable to principals, should thereafter govern such aiders, abettors, or procurers, and that no additional facts need be alleged in an information against an accused before the fact than are required against his principal."

And it was further stated in that opinion that, while the information described the manner in which the theft charged was committed, such descriptive allegations, while proper, were not necessary under the statutes as they now exist.

The case of *Scharman v. State, supra,* was followed and approved in *Ex parte Resler, ante,* p. 335.

The claim made by counsel for defendants in their brief that "the accused has the constitutional right to be fully informed of the crime he is charged with" has likewise been disposed of by the case of *Scharman v. State, supra,* wherein it is held that section 9541, Comp. St. 1922, as amended by chapter 89, Laws 1923, does not contravene section 11, art. I of the Constitution, which provides, among other things: "The accused shall have the right * * * to demand the nature and cause of accusation."

We conclude that the information in the instant case was not vulnerable to the charge of duplicity, and that the motions to quash should have been overruled.

EXCEPTIONS SUSTAINED.