HATTIE STUMPFF V. STATE OF NEBRASKA.

FILED NOVEMBER 24, 1931. No. 28032.

*J. H. Grosvenor* and *Garlow & Long,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

In this case Hattie Stumpff, plaintiff in error, was convicted of unlawful and felonious possession of intoxicating liquors "on or about the 3d day of January, 1931." In this error proceeding she presents to this court six questions, all of which, in view of the evidence before us, we answer in the affirmative.

We are convinced that the verdict of guilty returned by the jury in the instant case, in view of this record, may not be adversely affected by a verdict in a distinct and separate trial finding plaintiff in error's husband, Alfred William Stumpff, guilty of illegal possession of the "same intoxicating liquors," though such verdict be wholly based "on the identical evidence" on which Mrs. Stumpff was found guilty in the instant case. Nor can we admit the contention on behalf of Mrs. Stumpff that the fact that the premises on which the liquors were found at the time of the commission of the offense were the homestead of herself and her husband, Alfred William Stumpff, and in which both were then residing, requires the acquittal of Mrs. Stumpff of the charge of which she was convicted.

To the contrary, it is admitted that the legal title to the real estate comprising this homestead was, at all times, in Mrs. Stumpff. It is undenied that on the 3d day of January, 1931, the date of the alleged offense, just prior to the service of the search warrant embracing this home in its description, two persons had been served with intoxicating liquor in this house, and had paid for the same. Mrs. Stumpff, plaintiff in error, was present at this transaction. True, the persons thus served with liquor "do not remember" whether they were served this time by the husband or the wife. It is unquestioned in the record, however, that they laid 35 cents on the table for some one for what

they then received. There is evidence in the record that in the previous October, and within the period of the statute of limitations, one of these witnesses had purchased similar liquor from plaintiff in error and paid her for it. It also appears that when the officers entered this home on the 3d day of January, in serving the search warrant, Mrs. Stumpff was just inside the door near where they entered, and from this place "she went back in the room toward the closet or sink;" and at this time she picked up a jug containing intoxicating liquor. It was then taken away from her by the officers. Without quoting the evidence further at length, it may be said that, while her counsel now contends this act of actual possession of the liquor was wholly due to the excitement of the occasion, still the evidence is such that we cannot say, as a reviewing court, that the jury were not justified in the conclusion of fact that it was an attempt made by Mrs. Stumpff to assist her husband in his illegal business, and for that purpose make away with incriminating evidence. In this light Mrs. Stumpff's act would amount to a plain attempt to aid and conceal the illegal possession of her husband, if we accept the contention of Mrs. Stumpff to be true that it was her husband's liquor and not her own. However, the finding of intoxicating liquor on the premises owned by her created the presumption of unlawful possession. This is not changed or obviated by the fact that husband and wife are occupying the same house. *Grosh v. State,* 118 Neb. 517.

Even if we accept plaintiff in error's contention that the intoxicating liquors, which were discovered by the sheriff and his posse situated in her house on the 3d day of January, 1931, were wholly the property of her husband, still we are confronted by the fact that the inference is fully sustained by the record that on the day in question she was not only present and had full knowledge of the situation, but was actively aiding and abetting her husband in maintaining and concealing said illegal possession, especially from the officers who made the search of the premises. If this be true, then it would seem that she was

squarely within the provisions of section 28-201, Comp. St. 1929, which reads as follows: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." *Jahnke v. State,* 68 Neb. 154; *Dixon v. State,* 46 Neb. 298; *Williams v. State,* 91 Neb. 605. This statute applies to felonies created by subsequent legislation. *Lamb v. State,* 69 Neb. 212. Under the present statute above quoted the information in the instant case embraces and includes the view of the facts here suggested. *Scharman v. State,* 115 Neb. 109; *In re Resler,* 115 Neb. 335; *State v. Girt,* 115 Neb. 833. It would seem that in every aspect of the evidence before us it amply supports the verdict of the jury and the sentence of the court in the instant case.

We have also carefully examined the objections of plaintiff in error to the competency of the district judge who presided at the trial and find them wholly devoid of merit. The trial, verdict and sentence being in conformity with law, the conviction is in all things

AFFIRMED.