FRED SLEDGE V. STATE OF NEBRASKA.

6 N. W. (2d) 76

FILED OCTOBER 30, 1942.   No. 31452.

*C. E. Walsh*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *John H. Comstock, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This case comes to this court on petition in error from the district court for Lancaster county, Nebraska.

The plaintiff in error, who will be hereinafter referred to as defendant, was prosecuted on an information filed by the county attorney in the name of the State of Nebraska for

the crime of sodomy. He was tried to a jury, convicted as charged, and sentenced to serve a term of three years in the state penitentiary.

As grounds for reversal of the verdict and sentence the defendant assigns numerous errors.

The information in its original form charged in terms agreeable to the statute that the defendant committed the crime of sodomy on August 10, 1941.

The defendant contends that, assuming that the act complained of was performed, no crime was committed since such acts are not denounced as crimes by our statutes. The act complained of involved engagement of the mouth of defendant with the sexual organ of a thirteen-year-old boy who will be referred to as complaining witness. Defendant insists that the involvement must be of the sexual organ *per anum* with another human being; therefore, this claimed act having been *per os,* there was no crime.

Such an act committed prior to the enactment of our present statute was not a crime, since the earlier act contemplated only the common-law crime of sodomy. *Kinnan v. State,* 86 Neb. 234, 125 N. W. 594.

Section 28-920, Comp. St. 1929, which is the statute under which the defendant was prosecuted, and which follows, materially differs from the earlier statute and includes acts not contemplated thereby or by the common law:

"Whoever has carnal copulation with a beast, or in an opening of the body except sexual parts with another human being, shall be guilty of sodomy and shall be imprisoned in the penitentiary not more than twenty years."

A reading of the statute clearly discloses that this contention of the defendant that the statute contemplates only *per anum* involvement is baseless. Without doubt the legislature meant, as is clearly indicated by the words used, any opening other than sexual parts.

This court has not previously passed upon this question, but similar statutes have been before the courts of other states, and we observe in the decisions no good and sufficient reason for departing from the letter and evident in-

tent of the legislature in the enactment of this statute. See *Glover v. State,* 179 Ind. 459, 101 N. E. 629; *State v. Start,* 65 Or. 178, 132 Pac. 512; 8 R. C. L. 334, sec. 365.

The defendant contends further that the evidence does not sustain the charge, since the evidence of the state indicates that it was the sexual organ of the complaining witness that was involved, and that there was no involvement of any sexual organ of the defendant.

From a careful consideration it is felt that this interpretation placed upon the statute must be accepted, and that under the statute taken alone the defendant has not been guilty of the crime of sodomy. But we are not permitted to consider it alone. The alleged acts of the defendant and the complaining witness must be construed with reference to this statute, and also with reference to section 28-201, Comp. St. 1929, which is as follows:

"Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

This statute has been held valid by the decisions of this court. *Stumpff v. State,* 122 Neb. 49, 239 N. W. 212; *Carlsen v. State,* 127 Neb. 11, 254 N. W. 744; *Baskins v. State,* 138 Neb. 334, 293 N. W. 270.

The evidence of the state was in proof of the fact that the complainant committed the crime of sodomy, but at the solicitation and insistence of the defendant; in other words, that the defendant aided, abetted and procured the complaining witness to commit the crime. In this view of the two related statutes, the defendant was properly charged and convicted if the evidence was sufficient to sustain the conviction.

The defendant claims that during the trial amendments were improperly allowed to be made to the information. The first is that the name of the complaining witness, Richard Roe, doubtless a fictitious name, was changed to the true name of this witness. We can speculate on the reason why the true name of this thirteen-year-old boy was withheld as long as possible. The defendant advances no tenable claim

that he was prejudiced by this amendment. No prejudice is apparent from the record.

By statute a variance in the proof from an indictment or information for an offense as to name or description of any person described, or the description of any matter or thing named, is not ground for acquittal of the defendant unless the trial court shall find that such variance is material to the merits of the case or may be prejudicial to the defendant. Comp. St. 1929, sec. 29-1502. See *Palin v. State,* 38 Neb. 862, 57 N. W. 743; *Goldsberry v. State,* 66 Neb. 312, 92 N. W. 906; *Marshall v. State,* 116 Neb. 45, 215 N. W. 564; *Balis v. State,* 137 Neb. 835, 291 N. W. 477.

Under this authority it would have been proper for the court to have submitted the case to the jury on the facts proved without amendment of the information. Amendment was not necessary. Under the terms of the statute and the reasoning of the foregoing decisions, if it was error to allow the amendment the error was without prejudice to the defendant.

Another amendment was allowed which changed the date of the commission of the offense from August 10, 1941, to June 15, 1941. This was within the meaning of section 29-1502, Comp. St. 1929, matter of description as regards the crime of sodomy, since where time is not an ingredient of a crime, a variance between the information and the proof as to the date of the commission of the offense is not fatal to the prosecution if the date proved is within the statute of limitations. *Palin v. State, supra.* It therefore follows that what was said with regard to the amendment as to name is equally applicable here.

The defendant asserts that the evidence is insufficient to sustain the charge that the act complained of was ever committed. Because of the character of the testimony we refrain from setting it forth in detail or in substance. Suffice it to say that the evidence was sufficient, if believed, to warrant a jury in returning a verdict of guilty.

Finally, the defendant urges that the court erred in not submitting the question of his mental capacity to commit the crime charged to the jury.

Under no recognized rule of law or evidence was the issue of mental capacity of the defendant tendered; therefore, the trial court was clearly correct in refusing to give the instructions on this question which were tendered.

The conviction and sentence are affirmed.

AFFIRMED.