MARTIN WARE, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

105 N. W. 2d 570

Filed October 21, 1960. No. 34797.

*W. D. O'Shaughnessy,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant below was convicted of the crime of statutory rape, charged to have been committed on or about December 28, 1958, upon Patty Lou Kinney, a female child of the age of 12 years. The plaintiff in error, hereafter referred to as the defendant, was sentenced to serve 5 years in the State Penitentiary. He seeks a review by petition in error to this court.

The prosecutrix testified that she was born on September 19, 1946, and was 12 years of age on the date of the alleged offense. Her testimony is that she attended a picture show with the defendant, his wife, and small son on the evening of December 28, 1958, and after the show, at about 11:30 p. m., she went to their one-room

apartment with them. She testified that defendant, with the assistance of his wife, forcibly had sexual relations with her at that time. Defendant and his wife thereafter accompanied her to her home. Prosecutrix made no complaint to anyone until she discovered that she was pregnant. She gave birth to a child on September 21, 1959. The defendant and his wife deny the act charged on December 28, 1958. The defendant admitted to two police officers that he had sexual relations with the prosecutrix in an automobile at the rear of his home a few days after Christmas, 1958. He gave a written statement to this effect to the deputy county attorney and to a court reporter who reduced it to writing. At the trial defendant testified that he had never had sexual relations with the prosecutrix and that he had admitted it to the police and given a written statement admitting it because he desired to protect his wife from a charge of rape, pending against her.

The defendant contends that his motion for a directed verdict should have been sustained, primarily because the act charged on December 28, 1958, was not corroborated. In a prosecution for rape, if the prosecutrix testifies to facts constituting the crime, and the accused unequivocally denies the commission of the offense, the testimony of the prosecutrix must be corroborated on material points by other evidence to sustain a conviction. Peery v. State, 163 Neb. 628, 80 N. W. 2d 699. While the testimony of the prosecutrix was most unusual, and was given after she admitted she was mad at defendant's wife, yet the admission made by the defendant to two police officers and the written admissions given to the deputy county attorney and to the court reporter are corroborative of the charge. The fact that the prosecutrix gave birth to a child within the period of gestation is also corroborative to some extent. It is true that the defendant denied the truth of the admissions at the trial, but this creates a question for the jury to determine as to which time he was telling the truth.

The evidence of the prosecutrix that defendant had sexual relations with her on or about December 28, 1958, when she was 12 years of age is sufficiently corroborated to sustain a conviction. Miller v. State, 169 Neb. 737, 100 N. W. 2d 876; Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380; Hudson v. State, 97 Neb. 47, 149 N. W. 104.

Defendant contends that the trial court erred in giving instruction No. 10. By this instruction the court instructed the jury that under the evidence in this case the date of the offense is not an essential element in the crime of rape as charged in the information. Ordinarily the court is required to charge that the crime was committed on the date charged, or within the time limited by statute for the prosecution of the offense. Sledge v. State, 142 Neb. 350, 6 N. W. 2d 76; Rema v. State, 52 Neb. 375, 72 N. W. 474; Palin v. State, 38 Neb. 862, 57 N. W. 743.

In the instant case the trial court did not instruct that the jury must find that the act charged was committed within 3 years of the date charged in the information. The undisputed evidence shows that prosecutrix had known the defendant for only 7 months prior to the date the offense was charged. The defendant admits that he had known prosecutrix since the preceding summer. Under this evidence the offense charged could not have occurred at a time when the 3-year statute of limitations would have application. Under such a situation it is not prejudicial to the defendant for the trial court not to instruct with reference thereto. Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649.

The defendant contends that the sentence of 5 years is excessive. The statutory penalty for the offense charged is from 3 to 20 years in the penitentiary. There is nothing in the record to indicate an abuse of discretion by the trial court. Under such circumstances the rule set forth in Miller v. State, *supra,* is controlling.

We find the record to be free from error prejudicial

to the rights of the defendant, and the judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.