STATE OF NEBRASKA, APPELLEE, v. CLEON MONTGOMERY, APPELLANT.

157 N. W. 2d 196

Filed March 15, 1968. No. 36713.

Daniel G. Dolan, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant-appellant was found guilty by a jury of the crime of robbery. The sole issue presented by this appeal involves the question of a denial of appellant's constitutional right to counsel by reason of the fact that his motion for severance was overruled.

Appellant's motion was predicated on a claim of conflict of interest on the part of his counsel, an assistant public defender, in attempting to represent both the appellant and a codefendant, Foster, after the admission of an alleged confession made by Foster. The motion to delete the appellant's name from the statement or in the alternative to grant severance or a mistrial was made at the time the alleged confession was offered in evidence. Appellant's attorney had been unable to obtain a copy of it until the commencement of the trial. This confession, which was inculpatory in nature, puts the entire responsibility on appellant. It states he suggested the idea as a way to obtain money and drugs, picked the spot, and when Foster and two other companions rebelled, appellant forced them to participate in the burglary at the point of a gun. At the trial Foster repudiated this confession and denied any participation in the robbery. Foster testified he signed the confession at the urging of the police, without reading it, and on the promise that it would go easier for him if he did, and that he would get probation or "a break in court."

Before an amendment in 1957, persons who were charged jointly with the commission of a felony were entitled to separate trials as a matter of right if timely application was made to the court for that purpose. Section 29-2002, R. R. S. 1943, now provides so far as material here: "(2) Two or more defendants may be charged in the same indictment, information, or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. * * *

"(4) If it appears that a defendant or the state would be prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder of offenses in separate indictments, informations, or complaints for trial together, the court may order an election for separate trials of counts, indictments, informations, or complaints, grant a severance of defendants, or provide whatever other relief justice requires."

The right to a separate trial depends upon a showing that prejudice will result from a joint trial. A motion for a separate trial is addressed to the sound discretion of the trial court and its ruling on such motion will not be disturbed in the absence of a showing of an abuse of discretion. State v. Hall, 176 Neb. 295, 125 N. W. 2d 918.

There is some danger of prejudice in any trial involving multiple defendants, but severance should be denied in the absence of a showing of prejudice against which the trial court will not be able to afford protection. State v. Brown, 174 Neb. 387, 118 N. W. 2d 328.

In the instant case, the trial court gave the jury the customary admonition that Foster's statement could be used only against Foster and was in no way to be considered as evidence against appellant. This is the procedure which has been approved by this court and is not challenged by appellant except as to its ultimate effect.

Appellant's thrust is that the statement created a conflict of interest which made it impossible for the same attorney to represent both appellant and Foster, and that the failure to exclude appellant's name from the statement or to grant severance or declare a mistrial denied appellant effective assistance of counsel.

On this phase of severance, we note that the minimum standards for criminal justice promulgated by the American Bar Association's Advisory Committee on the Criminal Trial, is as follows: "2.3 Severance of defendants. (a) When a defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court should determine whether the prosecution intends to offer the statement in evidence at the trial. If so, the court should require the prosecuting attorney to elect one of the following courses:

"(i) a joint trial at which the statement is not admitted into evidence;

"(ii) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or

"(iii) severance of the moving defendant."

In the absence of a retraction by Foster, it must be conceded appellant and Foster had conflicting interests and it would have been impossible for the assistant public defender to have effectively served those conflicting interests.

An analogous situation is presented in the case of Sawyer v. Brough (1966), 358 F. 2d 70, in which the Fourth Circuit Court of Appeals, where one Sawyer and Espin were convicted of robbery, stated: "An obvious divergence of interest exists between a defendant who denies his guilt and a codefendant who not only confesses his own complicity but also accuses the other of participation in the crime. The conflict is even more crucial in the instant case by reason of the fact that Espin's confession attempts to cast most of the blame for

the robbery onto the 'other party.' In such a situation the parties are placed in adversary and combative positions. The interest of Sawyer would lie in discrediting Espin's statement of confession, particularly that portion which incriminated Sawyer, while Espin would necessarily be concerned with pursuing his attempt to appear less culpable than the other participant, who is indirectly identified as Sawyer. We conclude that it would be utterly impossible for one attorney to effectively serve both of these conflicting interests. He would be rendered impotent to effectively assist one by the necessity of protecting the other."

Does the attempted retraction in the instant case remove this defect? We believe not. If anything, it increases the problem of meeting the issue. It is true Foster did not testify against appellant, but Foster's statement was admitted into evidence and appellant's attorney, who was also Foster's attorney, could not effectively examine Foster about it without prejudicing appellant's rights. As a result, appellant's counsel is rendered impotent on the most damaging evidence presented in the trial. By this conflict appellant was denied effective assistance of counsel. Counsel, recognizing the problem, before its offer moved to strike all reference to appellant from the statement, or in the alternative to grant a severance. This motion should have been sustained.

In Commonwealth ex rel. Whitling v. Russell, 406 Pa. 45, 176 A. 2d 641, the Pennsylvania court held: "If, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such a conflict vitiates the proceedings, even though no actual harm results."

Where one attorney repesents two codefendants, conflict of interest which denies one or both defendants effective assistance of counsel is a distinct possibility, and when such conflict exists, the conviction cannot stand.

Lugo v. United States (Ninth Circuit, 1965), 350 F. 2d 858.

The following from Glasser v. United States, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680, is pertinent herein: "Even, as we have held that the right to the assistance of counsel is so fundamental that the denial by a state court of a reasonable time to allow the selection of counsel of one's own choosing, and the failure of that court to make an effective appointment of counsel, may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment, Powell v. Alabama, 287 U. S. 45, so are we clear that the 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired."

The instant case differs from any previously considered by this court under section 29-2002, R. R. S. 1943. It is difficult to see how appellant could not be prejudiced under the facts of this case. The poison is injected when the statement is admitted against Foster. It attempts to excuse Foster and to crucify appellant. Because of its nature, no instruction can entirely remove its effect from the consideration of the jury. To so find would be to embrace a myth and to ignore the realities of the situation.

The State argues that the motion for severance was properly overruled, because not timely made. A court's jurisdiction at the commencement of a trial may be lost during the course of the proceedings if it develops that defendant's constitutional rights have been abridged. Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357. The State argues that neither appellant nor his attorney was taken by surprise by Foster's statement. The cases were consolidated on May

4, 1967, on the oral motion of the county attorney, and were set for trial on May 9, 1967, at 9:30 a.m. The record indicates that appellant's counsel did not receive the statement until the day the trial commenced, although the prosecution suggests it could have been available the day before. While counsel might have made a motion for severance immediately upon receipt of the statement, he waited until it was produced in evidence. As soon as it was offered, appellant's attorney, by motion, called the court's attention to the situation. Receipt of the statement on the day of the trial does not afford sufficient time to investigate the circumstances of the statement. Absent a reasonable opportunity to make such an investigation, we cannot say that the motion herein was untimely made. A motion for severance must be made before trial if a defendant is aware of a ground for severance. Where, however, a defendant had been unable to obtain information on the nature of a confession of a codefendant until the day of trial, the motion for severance may be made when the confession is offered in evidence if there is a conflict of interests.

For the reason given, the judgment herein is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., dissenting.

I would affirm the conviction. Defendant's counsel received a copy of Foster's confession before the commencement of the trial. He then knew its adverse effect upon Montgomery's case. His failure to move for a severance before the commencement of the trial and afford the trial court an opportunity to rule on the issue at that time amounts to a waiver of the right of severance based on the contents of the confession.