STATE OF NEBRASKA, APPELLEE, v. TERRY LOUIE FOSTER, APPELLANT.

159 N. W. 2d 561

Filed June 14, 1968. No. 36721.

248

A. Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In a joint jury trial, defendant Foster and Cleon Montgomery were convicted of robbery. They were represented by the same counsel and we reversed the judgment as to Montgomery (State v. Montgomery, 182 Neb. 737, 157 N. W. 2d 196), because of denial of effective counsel stemming from Foster's confession implicating Montgomery and error in failing to grant severance.

Foster claims his confession was involuntary and should not have been admitted because of inadequate foundation for voluntariness. The affirmative evidence supporting the finding of voluntariness must show the confession was freely and voluntarily made and exclude any other reasonable hypothesis. State v. Long, 179 Neb. 606, 139 N. W. 2d 813; State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66. The record shows that the confession was taken after Foster had been fully advised as to his Miranda rights, and otherwise was voluntarily given without threats, promises, or inducements. The defendant signed the statement which included the advisory statements and questions required by Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974, as well as Foster's responses. The af-

firmative evidence clearly discloses all that occurred prior to and at the time of the taking of the confession. The affirmative evidence presents no other conclusion than that the confession was freely and voluntarily made after full Miranda warnings. The most that is presented in opposition thereto is the uncorroborated conflicting evidence of Foster that the confession was obtained by threats, violence, and a promise of leniency.

All of this testimony was denied by the police officers. The record amply justifies the submission of the confession to the jury for a final determination as to voluntariness. And even if we were to weigh the evidence in the context of the totality of the circumstances it would be almost impossible to upset the court and jury determination of voluntariness, except by accepting, carte blanche, the uncorroborated conflicting evidence of the defendant. The resolution of such a swearing match belongs ordinarily where our doctrine of judicial review of fact questions puts it, with the trial court and the jury. See, State v. Long, *supra;* Parker v. State, 164 Neb. 614, 83 N. W. 2d 347.

The main thrust of Foster's argument is that severance should have been granted because of conflicting interest of counsel, who also represented Montgomery at the joint trial. Severance, under our procedure, is not a matter of right. § 29-2002, R. R. S. 1943; State v. Montgomery, *supra.* In Glasser v. United States, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680, a confession was involved and the question was presented on the conflicting interest of a joint counsel in a conspiracy case, flowing from the use of a confession implicating another defendant. While granting a new trial as to Glasser, the Supreme Court said, in denying a new trial as to the other defendants: "But this error does not require that the convictions of the other petitioners be set aside. To secure a new trial they must show that the denial of Glasser's constitutional rights prejudiced them in some manner, for where error as to one defendant in a con-

spiracy case requires that a new trial be granted him, the rights of his co-defendants to a new trial depend upon whether that error prejudiced them. * * * Kretske does not contend that he was prejudiced by the appointment, and we are clear from the record that no prejudice is disclosed as to him. Roth argues the point, but he was represented throughout the case by his own attorney. We fail to see that the denial of Glasser's right to have the assistance of counsel affected Roth."

There is no showing of prejudice in this case. The record shows not only that Foster repudiated his confession (which implicated Montgomery), but that he was given detailed and effective assistance of counsel at the evidentiary hearing on voluntariness and at all times during the trial. Unless we were to hold that joint representation of codefendants denies the effective assistance of counsel per se, this case requires affirmance. Essentially Montgomery was denied the effective assistance of counsel because of the necessity of attacking the credibility of Foster, to whom he owed the duty of equal loyalty. The conflict is obvious. But nothing Montgomery said or did required counsel to betray or repudiate Foster. Foster repudiated his confession, including the implication of Montgomery. There is no merit to this contention.

The judgment and sentence of the district court as to Foster is correct and is affirmed.

AFFIRMED.