STATE OF NEBRASKA, APPELLEE, V. BENJI L. TEMPLE, SR.,
APPELLANT.
222 N. W. 2d 356

Filed October 17, 1974. No. 39282.

Richard J. Dinsmore, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BLUE, District Judge.

NEWTON, J.

A jury returned a verdict that defendant was guilty of sodomy. On appeal defendant assigned as error the admission of evidence that defendant had taken a poly-

graph examination, admission of a confession, failure to give a cautionary instruction on the testimony of an alleged accomplice, unconstitutionality of section 28-919, R. R. S. 1943, and excessiveness of. the sentence. We affirm the judgment.

The State introduced evidence that defendant had taken a polygraph test and the defendant himself, on direct examination, stated he had requested ,and taken such a test. The result was not mentioned. Defendant failed to object to this evidence, or move for a mistrial, or assign it as error in his motion for a new trial. We have long held that polygraph tests are not admissible in evidence. See Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. We disapprove any reference to such tests offered in evidence. In the present instance, there being no objection to this evidence and a failure to assign it as error in the motion for new trial, the assignment is not well taken. "A party may not predicate error on the admission of evidence to which no objection is made at the time it is offered or adduced." State v. Weiland, 186 Neb. 325, 183 N. W. 2d 244.

"In order to obtain a review of alleged errors occurring during the trial, such errors must be pointed out to the trial court in a motion for a new trial and a ruling obtained thereon." State v. Ryan, 188 Neb. 381, 196 N. W. 2d 919.

The purported confession was a rather garbled statement in part but was clearly an admission of guilt. The statement was taken at police headquarters and defendant directly contradicted evidence of police officers regarding circumstances testified to by them indicating it was voluntarily and intelligently made. The resolution of conflicting testimony · as to the voluntariness of a confession is for the trial court and jury. See State v. Foster, 183 Neb. 247, 159. N. W. 2d 561. "A finding that a statement of an accused is voluntary will not ordinarily be set aside unless the finding is clearly

erroneous." State v. Medina, 189 Neb. 765, 204 N. W. 2d 785.

In the present instance there is ample evidence to support a finding that the defendant's statement was voluntarily given after proper instruction regarding his rights.

The court did not give a cautionary instruction regarding the testimony of an individual whom defendant asserts was an accomplice. It does not appear that the witness in question was, in fact, an accomplice as each had committed separate acts of sodomy. In any event: "Failure of the court to caution the jury on evidence given by an accomplice, in the absence of special request, will not ordinarily constitute reversible error." State v. Martin, 185 Neb. 699, 178 N. W. 2d 573. Such an instruction was not requested and no prejudicial error appears.

It is asserted that the sodomy statute, section 28-919, R. R. S. 1943, is unconstitutional as being vague and indefinite and as invading the right of privacy. The statute provides: "Whoever has carnal copulation with a beast, or in an opening of the body except sexual parts with another human being, shall be guilty of sodomy * * *." The statute appears to speak clearly and certainly. That it covers a case like the present one involving oral copulation is beyond doubt. See Sledge v. State, 142 Neb. 350, 6 N. W. 2d 76. The assertion that the statute in the present instance permits an unwarranted invasion of privacy is unconvincing. The performance of oral copulation with a 4-year-old child, as here, is an act which, if sanctioned, would be conducive to contributing to the delinquency and immorality of children. It is within the purview of the State's police power to prohibit public immorality and this is a subject in which there is a definite State interest. "Personal freedoms are not absolute and must give way when outweighed by legitimate state inter-

ests." Stradley v. Andersen, 349 F. Supp. 1120, affirmed, 478 F. 2d 188.

The sentence rendered was not excessive considering the nature of the crime and a previous felony record. We affirm the judgment of the District Court.

AFFIRMED.