STATE OF NEBRASKA, APPELLANT, V. ROLLAND NORMAN ET AL., APPELLEES.

229 N. W. 2d 55

Filed May 8, 1975. No. 39806.

J. Marvin Weems and Harold Mosher, for appellant.

Leo F. Clinch, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an error proceeding filed by the county attorney of Valley County. Defendants were charged with aiding and abetting certain minors to be in possession of alcoholic liquor. Three questions are presented. First, was the appeal properly taken? Second, can one aid and abet a misdemeanor offense? Third, can an individual personally incapable of committing an offense be an aider and abettor? Motions to quash the informations were sustained in the District Court. We reverse the judgment of the District Court.

At the outset we call attention to the fact that had the defendants been charged under section 53-180 R. R. S. 1943, the problems presented could have been avoided.

In regard to the jurisdictional question, examination of the transcript reveals that the various steps necessary to appeal under section 29-2315.01, R. R. S. 1943, were timely and properly taken.

It appears that one may be guilty of aiding and abetting the commission of a misdemeanor. Prior to the 1923 amendment our statute on aiding and abetting pertained only to felonies but the common law rule was followed. "In misdemeanors there are no accessories. Those whose conduct is such that it would constitute them accessories before the fact, if the principal offense were a felony, are, if it be a misdemeanor, guilty as principals." Wagner v. State, 43 Neb. 1, 61 N. W. 85. See, also, Skiles v. State, 85 Neb. 401, 123 N. W. 447; Stumpff v. State, 122 Neb. 49, 239 N. W. 212; 21 Am. Jur. 2d, Criminal Law, § 124, p. 200. Section 28-201, R. R. S. 1943, now provides: "Whoever aids, abets or

procures another to commit any offense may be prosecuted and punished as if he were the principal offender." It is no longer limited in its application to felonies but covers all *offenses*. An offense is a crime *or misdemeanor*. See Black's Law Dictionary (4th Ed.), p. 1232.

With reference to whether one who is incapable of committing a specific crime may be an aider and abettor, attention is called to 21 Am. Jur. 2d, Criminal Law, § 116, p. 196, which provides: "There are some offenses which are so defined by statute or by the common law that they may be committed only by certain persons or classes of persons. But a person not within the class of those by whom the crime may be personally perpetrated may, by aiding and abetting the commission of the offense, also render himself criminally liable. Thus a woman may be punished for aiding or abetting the commission of rape, a husband may be an accessory to the crime of rape upon his own wife, and a person who aids and assists the owner of property in burning it may be convicted under a statute making it an offense for the owner of property to burn it with the intent to defraud an insurer. Similar rules prevail as to the commission of embezzlement and other crimes." See, also, State v. Girt, 115 Neb. 833, 215 N. W. 125; Annotation, 131 A. L. R. 1322.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.