STATE OF NEBRASKA, APPELLEE, v. ALLEN J. GREEN, APPELLANT.

272 N. W. 2d 764

Filed December 13, 1978. No. 42099.

Paul E. Watts, Gerald E. Moran, Robert C. Sigler, Julianne M. Dunn, and Lyn L. Wallin, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and RIST, District Judge.

BOSLAUGH, J.
The defendant was convicted of possession of heroin with intent to distribute and sentenced to im-

prisonment for 3 to 10 years. He has appealed and contends the trial court erred in overruling his motions in limine and to suppress. He further contends his motion for a mistrial should have been sustained; the evidence was not sufficient to sustain his conviction; his arrest during the trial resulted in a denial of due process; and the sentence imposed was excessive.

The record shows that the defendant, while under police surveillance, was observed leaving his apartment at 4821 North 66th Street in Omaha, Nebraska, at approximately 10:15 p.m., on December 7, 1977. The defendant and another black man entered a tan Oldsmobile with Illinois license plates and drove away from the parking lot. The officers conducting the surveillance reported that the defendant had left his apartment.

At approximately 11 p.m., the defendant arrived at the residence of Randy Perry at 4013 Charles Street in Omaha, Nebraska, where a search was underway. After the defendant and his companion, Lawrence Hickman, had entered the Perry residence, they were stopped by the officers present and searched. A package of heroin was found in the coat pocket of Hickman. Both the defendant and Hickman were arrested and the officer in charge ordered that a search warrant be obtained to search the defendant's apartment.

A search warrant was obtained upon the basis of an affidavit containing the following allegations: "On Wednesday 7 December 77 Omaha Police Officer Bernard Venditte received information from a person who Officer Bernard Venditte knows to be a reliable informant and who has given Omaha Nebraska Police Officers information in the past that has been checked and found to be true and accurate, regarding to heroin and heroin sales. This reliable informant further stated that Allan James GREEN aka: 'PUNCHY' has in the past made deliveries of

heroin to a Randy PERRY who resides at 4013 Charles Street Omaha Douglas County Nebraska and others not known to this reliable informant . . . Omaha Police Vice/Narcotics Officers have kept a continuing investigation in regards to heroin trafficking by Allan James GREEN aka: 'PUNCHY'. This investigation began at approximately 30 Aug. 77 and has continued through the present 7 December 77. During this investigation Omaha Police Officers have received information from two other separate reliable informants one who has given Officers information that has been checked and found to be true and accurate; and the other who has given information that has also been found to be true and accurate and who has also made a controlled narcotic purchase for Omaha Police Officer Patricia A. Swaney. The above two informants have also stated to officers that Allan James GREEN aka: 'PUNCHY' has been supplying heroin to Randy PERRY and that on several occasions when GREEN delivers heroin drives a blue '75 VW. Both Officer P. Swaney and Lt. Bernard Venditte have received information from the above informants that GREEN has resently (sic) (within the past 72 hours) been in possession of a large quantity of heroin, and is still in possession of a large quantity of heroin.

"Lt. Bernard Venditte has also received information from his reliable informant that Allan James GREEN aka: 'PUNCHY' is making sales of heroin from his residence of 4821 No. 66th Street Apt. #141 Omaha Douglas County Nebraska.

"All of the above reliable informants have knowledge of what heroin and other drugs look like and how these drugs and narcotics are packaged for street sales from their previous street experience.

"During this narcotic investigation of Allan James GREEN aka: 'PUNCHY' Officers of the Vice/Narcotics Unit specifically Lt. Bernard Venditte and Officer Patricia A. Swaney & a Paul Wade kept each

other aware of information supplied by their inform-
ants.

"Due to the foregoing, these affiants believe that
concealed on the premises of 4821 No. 66th Street
apt. #141 located in Omaha Douglas County
Nebraska a quantity of heroin and instruments used
for the administering of heroin. . .

"*On Wednesday 7 December 77 at 2215 hours
Officer R. Swiercek observed Allan James GREEN
aka: PUNCHY and another party leave 4821 North
66th Street. These subjects were later stopped and
searched and Lt. Bernard Venditte advised these
affiants that a quanity (sic) of heroin was found. . ."

The defendant's apartment was searched and a
packet containing 1/3 ounce of heroin was found to-
gether with instruments, equipment, and supplies
suitable for use in preparing heroin for street sale.
The equipment included a fruit bowl, plastic bottles,
and a coffee blender, all of which contained traces of
heroin. Other equipment included a gram scale
with a trace of a cutting agent on the tray; 2 playing
cards; and a mortar and pestle. The supplies
included a plastic bag of Dormin and a plastic bag of
lactose, both of which are cutting agents; five small
pieces of tinfoil and three boxes of Reynolds Wrap; a
box of Baggies; and three boxes of sandwich stor-
age bags. The officers also found $1,770 in cash in
the pocket of a leather jacket.

The State's theory of the case was that Hickman
was a courier or "mule" used by the defendant to
transport or deliver heroin to the Perry residence.
The other evidence discovered by the search of the
defendant's residence supported the inference that
the defendant was engaged in the business of
packaging and distributing heroin. The evidence,
although in part circumstantial, was substantial and
was sufficient to sustain the conviction.

The defendant contends his motion to suppress
relating to the search warrant should have been sus-

tained because the State had no direct evidence that Hickman had been at the defendant's apartment and was the man who was with the defendant when the defendant left his apartment.

The affidavit upon which the search warrant was obtained alleged the defendant and another party were observed leaving 4821 North 66th Street and that: "These subjects were later stopped and searched and Lt. Bernard Venditte advised these affiants that a quantity of heroin was found." Although there was no direct evidence that Hickman was the "party" observed leaving 4821 North 66th Street, that was a permissible inference from the facts known to the officer. Without regard to that matter, an affidavit is sufficient if it will support the issuance of a warrant after any inaccurate statements in the affidavit are disregarded. See, State v. Iowa Dist. Ct. In and For Johnson Cty., 247 N. W. 2d 241; United States v. Marihart, 492 F. 2d 897 (1974). Under this rule the affidavit was clearly sufficient to support the issuance of the warrant.

The second motion to suppress related to statements made by the defendant while in custody. The evidence of the State was that the defendant was fully advised of his rights as required by Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, prior to interrogation. At the suppression hearing the defendant testified that he was not advised of his rights prior to interrogation, but at the trial he testified: "Q. Okay. Now, they advised you of your rights at least three times that there's paperwork on. And every time you admitted that you'd talk to them and so forth, did you not? A. Yes, sir. Q. You answered all the questions. You said you didn't want a lawyer, and you had nothing to hide; isn't that right? A. Yes, sir. I thought I didn't need a lawyer." The resolution of conflicting testimony as to the voluntariness of a confession is for the trial court and jury. State v. Temple, 192 Neb. 442, 222 N.

W. 2d 356. See, also, State v. Thompson, 198 Neb. 48, 251 N. W. 2d 387; State v. Prim, *ante* p. 279, 267 N. W. 2d 193. Both motions to suppress were properly overruled.

The motion in limine related to the discovery of the heroin in the possession of Hickman when he and the defendant arrived at the Perry residence and the discovery of the items found in the search of the defendant's apartment. This evidence was admissible as a part of the State's case and the motion was properly overruled.

During the recross-examination of Officer Sieh the following occurred: "Q. On Hickman now, you say you had a conversation with — with the defendant, and he said that Hickman was in the apartment? The defendant, I'm talking about. A. Maybe I misunderstood. It's Hickman that said that he had been there. MR. WATTS: Oh, I see. Move to strike that, Your Honor, as not responsive. THE COURT: The motion is sustained. The answer in regard to what Hickman said is stricken. The jury is instructed to disregard it. MR. WATTS: And I'm — I'm going to move for a mistrial. That's the — You know, the whole claim is that Hickman was never there in this trial, and now he — he gets non-responsive to the question. THE COURT: The motion is denied."

On redirect-examination the witness, Officer Sieh, had testified that the defendant had said "something about Lawrence Hickman being there in the apartment, that he had came up that day." Apparently this was a mistake and the officer wished to correct his testimony during recross-examination. The answer which was objected to was not responsive. The defendant's motion to strike was sustained and the jury instructed to disregard the answer. Under the circumstances this was sufficient to cure the error and the motion for a mistrial was properly overruled.

The defendant was released on bond during the trial which commenced on April 10, 1978. During that evening while the defendant was on his way home, he was stopped and arrested. The record is not entirely clear but, apparently, he was charged with possession of marijuana and held overnight in the jail. He testified the next day, in support of motions to dismiss and for a mistrial, that he had been subjected to some physical abuse and had been questioned about the trial as to who his witnesses would be, and what strategy his lawyer would use. The trial court found that the defendant's rights so far as the trial was concerned had not been jeopardized and overruled both motions.

We think the rulings were correct. While harrassment of the defendant and interference with a trial can not be tolerated, the record here fully supports the rulings of the trial court. Although the defendant may have some right to relief because of the alleged conduct of the police, the trial court was not required to dismiss the prosecution or grant a mistrial because of the incident.

The defendant is 26 years of age. He was placed on probation in 1971 in Chicago, Illinois, for criminal damage to property. Apparently he violated that probation in 1972. In 1975 he was sentenced to a term of 1 to 3 years imprisonment for uttering a forged instrument. In 1976 he was placed on 2 years probation on a federal charge of conspiracy to possess and utter counterfeit bills. In view of the nature of the charge and the defendant's past record, the sentence imposed in this case was not excessive.

The judgment of the District Court is affirmed.

AFFIRMED.