STATE OF NEBRASKA, APPELLEE, V. ELMER DEAN
VRCHOTA, ALSO KNOWN AS PABLO VRCHOTA, APPELLANT.
324 N.W.2d 394

Filed September 17, 1982. No. 81-901.

Vincent M. Powers, for appellant.

Paul L. Douglas, Attorney General, and Marilyn Hutchinson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The defendant appeals from a sentence to imprisonment for 1½ to 4 years for theft. The sole assignment of error is the refusal of the trial court to grant a mistrial.

Following a party at his apartment, the victim, Joseph Bell, was beaten, tied up, and robbed of $502. Although the evidence is in conflict as to the defendant's participation in the crime, it is clear from the record that the defendant was present and received a part of the $502 taken from the victim.

Mark Midway, a witness for the State, had been permitted to plead guilty to a misdemeanor in return for his testimony. The following occurred during the direct examination of Midway: "THE COURT: Just say what the defendant said. THE WITNESS: Well, he started crying and I started crying. Q. (By Mr. Glaser) The defendant started crying? A. Yes. Q. And the facts which the defendant related that he was going to say, were those the facts as you believed them to be? A. I did not

know every word he said. All I heard was bits and pieces. Q. And to the extent that you heard what he said, were they — A. No, they didn't. Q. They were not? Were you subsequently released from jail? A. I went for a lie detector test. MR. POWERS: I'd object to that, Your Honor. May I approach the bench? THE COURT: You may. The answer will go out, and the jury is instructed to disregard it. (At this time, an on-the-record discussion was had, in low tones, between Court and counsel:) MR. POWERS: I'd like to move for a mistrial at this time. THE COURT: What grounds? MR. POWERS: Reference to the lie detector test. I think — THE COURT: Is that the only ground? MR. POWERS: Well, I believe that the witness' reference to the lie detector test will prejudice the remainder of the trial. I don't think that's something that should have been mentioned. And I think the jury cannot just disregard it. It would taint the rest of the testimony. THE COURT: It is not the fact that an individual took a lie detector test that is inadmissible. It is the results of the lie detector test. There's no indication here that the lie detector test was given to the defendant. There is no evidence in the record as to the results of the lie detector test in this instance, and the Court has already instructed the jury to disregard the answer. The motion for mistrial is overruled. Proceed. I think we'll take a five-minute recess so you can caution the witness.''

The reference to the lie detector test was made in a nonresponsive answer volunteered by the witness. The result of the test was not disclosed and no further reference to the test was made. The defendant argues that the mere reference to the test, when coupled with the State's favorable treatment of Midway in the plea bargain, greatly enhanced Midway's credibility to the prejudice of the defendant.

The defendant relies on *State v. Temple,* 192 Neb. 442, 222 N.W.2d 356 (1974), in which we disapproved

of any reference to a polygraph test. In the *Temple* case, the defendant testified that he had taken a lie detector test. The results were not mentioned. The defense counsel failed to object and did not request a cautionary instruction. We held that the failure to object precluded the defendant from predicating error on the admission of such testimony, but said: "We disapprove any reference to such tests offered in evidence." *Id.* at 443, 222 N.W.2d at 357.

In *State v. Anderson and Hochstein,* 207 Neb. 51, 296 N.W.2d 440 (1980), *cert. denied* 450 U.S. 1025, 101 S. Ct. 1731, 68 L. Ed. 2d 219 (1981), a witness mentioned the word "polygraph" on redirect examination. The witness did not indicate whether he had taken such a test or what the results were. The defense counsel made a timely motion for mistrial. The motion was overruled and the trial judge gave a curative instruction. In holding that the denial of a mistrial was not error, we said: "The mere mention of the word 'polygraph,' absent more, does not constitute prejudicial error. Appellants have failed to disclose how or in what manner the use of the word 'polygraph' was prejudicial under the circumstances . . . ." *Id.* at 67, 296 N.W.2d at 451.

Here the reference to the polygraph test was volunteered by the witness, and the result of the test was not disclosed. Prompt objection was made and the trial court instructed the jury to disregard the reference to the lie detector test. There was no further reference to the test.

The record does not show the defendant was prejudiced by the testimony. The defendant was convicted of the lesser-included charge of theft. The defendant, Midway, and William Brumfield, another participant in the crime, all testified that the defendant received some of the money taken from the victim. It does not appear the jury gave greater credibility to Midway due to his reference to the lie detector test.

We conclude that the ruling on the motion for a mistrial was not erroneous. The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.